**CT Corporation**

**Service of Process Transmittal**
11/10/2011
CT Log Number 519462991

TO: Irene Hahn
Sirius Computer Solutions, Inc.
613 Northwest Loop 410, Suite 1000
San Antonio, TX 78216-

RE: **Process Served in Ohio**

FOR: Sirius Computer Solutions, Inc. (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | OnX USA LLC, etc., Pltf. vs. Louis Sciacchetano and Sirius Computer Solutions, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Employment Agreement, Non-Disclosure Policy and Agreement, Praecipe(s), First Set of Interrogatories and Request(s) for Production |
| **COURT/AGENCY:** | Cuyahoga County Court of Common Pleas, OH<br>Case # CV11768786 |
| **NATURE OF ACTION:** | Breach of Contract - Complaint for preliminary and permanent injunctive relief - Seeking to prevent Dfts. from unlawfully and unfairly competing with OnX by soliciting OnX's customers, misappropriating OnX's trade secrets and engaging in other unlawful and unfair competition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Cleveland, OH |
| **DATE AND HOUR OF SERVICE:** | By Express Mail on 11/10/2011 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service - Answer is required to be served on Pltf.'s attorney // Answer must also be filed with the court within 3 days after service on Pltf.'s attorney // Within 28 days of service - Responses to Interrogatories and Requests for Production |
| **ATTORNEY(S) / SENDER(S):** | Barry Y Friedman<br>Buckingham, Doolittle & Burroughs, LLP<br>One Cleveland Center<br>1375 East 9th Street<br>Suite 1700<br>Cleveland, OH 44114<br>216-621-5300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2011, Expected Purge Date: 11/20/2011<br>Image SOP<br>Email Notification, Irene Hahn irene.hahn@siriuscom.com<br>Email Notification, Steven A Elder SAELDER@COXSMITH.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>James Wright<br>1300 East 9th Street<br>Suite 1010<br>Cleveland, OH 44114 |

Page 1 of  2 / TR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
11/10/2011
CT Log Number 519462991

**TO:** Irene Hahn
Sirius Computer Solutions, Inc.
613 Northwest Loop 410, Suite 1000
San Antonio, TX 78216·

**RE:** **Process Served in Ohio**

**FOR:** Sirius Computer Solutions, Inc. (Domestic State: TX)

**TELEPHONE:** 216-621-4270

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV11768786 | D2 XM | 18422853 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | |
|---|---|
| ONX USA, LLC | PLAINTIFF |
| VS | |
| LOUIS SCIACCHETANO, ET AL | DEFENDANT |

**SUMMONS**

SIRIUS COMPUTER SOLUTIONS, INC.
C/O CT CORPORATION SYSTEM
1300 EAST NINTH STREET
CLEVELAND OH 44114-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

BARRY Y FREEMAN
1375 EAST 9TH  STREET

SUITE 1700
CLEVELAND, OH 44114-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

DICK AMBROSE
Do not contact Judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Nov 9, 2011 |

By_____
Deputy

COMPLAINT FILED   11/08/2011

CMSN130

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

OnX  USA  LLC,  fka  Agilysys
Technology Solutions Group, LLC,
28925 Fountain Parkway
Solon, OH 44139

   Plaintiff,

vs.

Louis Sciacchetano
34 Mountainside Road
Pompton Lakes, NJ 07442

and

Sirius Computer Solutions, Inc.
c/o CT Corporation System
1300 East Ninth Street
Cleveland, OH 44114,

   Defendants.

Judge: DICK AMBROSE

CV 11 768786

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**

**(Jury Demand Endorsed Hereon)**

NOW COMES Plaintiff OnX USA LLC, fka Agilysys Technology Solutions Group, LLC ("OnX"), by and through its attorneys, and for its Complaint hereby avers, alleges and prays:

## PARTIES

1.  OnX is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Solon, Ohio.  OnX is engaged in the business of designing, implementing and supporting information technology systems for corporate and public sector customers throughout the world, utilizing hardware and software

sourced from other suppliers. OnX was formerly known as Agilysys Technology Solutions Group, LLC, and was a subsidiary of Agilysys, Inc. OnX is the successor of the Technology Solutions Group business unit of Agilysys and all of its rights pertinent thereto.[1]

2. Upon information and belief, Defendant Sciacchetano is an individual domiciled in New Jersey. During his employment with OnX, Sciacchetano regularly transacted business with OnX headquarters in Solon, Ohio.

3. Upon information and belief, Defendant Sirius Computer Solutions, Inc. ("Sirius") is a Texas corporation, with its principal place of business in San Antonio, Texas. Sirius maintains an office in Ohio and it regularly transacts business in Ohio.

## THE DISPUTE

4. This is an action for: (1) Breach of contract; (2) tortious interference with contracts; (3) tortious interference with business relationships; (4) misappropriation/conversion of trade secrets; (5) an accounting; (6) unjust enrichment; (7) unfair competition; and (8) civil conspiracy. This action also seeks injunctive relief to prevent Defendants from unlawfully and unfairly competing with OnX by: (1) directly or indirectly soliciting OnX's customers, suppliers and employees; (2) misappropriating OnX's trade secrets and other confidential, proprietary information and using that information to interfere with OnX's business relationships with its customers, suppliers and employees; and (3) engaging in other unlawful and unfair competition.

5. OnX also seeks damages and attorneys' fees from Defendants for their wrongful and unlawful acts.

---

[1] Plaintiff will be referred to as "OnX" for events which occurred after OnX became an independent company and for events which occurred when OnX was known as Agilysys Technology Solutions Group, LLC and was still a subsidiary of Agilysys, Inc.

## FACTUAL ALLEGATIONS

6.     OnX is engaged in the information technology business.  It has developed an extensive and valuable reputation in the industry by providing valuable services to its customers and suppliers.

7.     OnX's success is based in substantial part on confidential, proprietary information developed and used by OnX, as well as trade secrets not disclosed to the general public or to OnX's competitors.  As an employee of OnX, Sciacchetano was provided with and had general access to confidential, proprietary information and trade secrets developed and used by OnX – including financial information, sales information, price lists, the identity of and lists of employees, customers, potential customers, suppliers, and potential suppliers; marketing strategy and research; technological and related information concerning products and services; quotes, sales orders, customer forecasts, memoranda, notes, records pertaining to customer orders; employee wage, compensation, benefits and/or pay plan information; marketing information and strategies; and other information regarding OnX's methods, processes, services, customers, employees, suppliers, operations and business – all of which Sciacchetano was advised were not intended for dissemination.

8.     To prevent disclosure of its confidential, proprietary information and trade secrets to competitors and others outside OnX, OnX required employees in key sales positions to execute written agreements providing for the protection and continued confidentiality of OnX's information and trade secrets.  In Sciacchetano's case, those requirements were set forth in agreements between him and OnX.

9.     As part of his Employment Agreement (attached hereto), Sciacchetano specifically promised:  (1) Not to disclose or use OnX's proprietary or confidential information

3

at any time following his termination from OnX; (2) not to contest the confidential or proprietary nature of said information; (3) not to hire or solicit OnX's employees for one year after his termination; (4) not to hire or solicit *former* OnX employees for one year after his (or their) terminations, whichever is earlier; (5) not to call upon, solicit, divert or take away any of OnX's customers, business or prospective customers for one year after his termination; and (6) subject to payment of additional sums, not to work for a competitor of OnX for one year after his termination. *Employment Agreement* ¶¶7-8.

10.     If Sciacchetano violates any of those promises, the Employment Agreement entitles OnX to specific enforcement and other injunctive relief. *Id.* ¶10.

11.     By law, if Sciacchetano breaches the Employment Agreement and OnX is forced to obtain a court order for enforcement of the Employment Agreement's restrictive covenants, those restrictive covenants run from the date court enforcement begins.

12.     Sciacchetano signed and agreed to the terms of the Employment Agreement in September 2010, but only recently returned his signed Employment Agreement to OnX.

13.     The Employment Agreement is expressly assignable without Sciacchetano's consent. *Id.* ¶12(b). And, the Employment Agreement was assigned to OnX by Agilysys, Inc., per ¶12(b).

14.     The protections accorded OnX in the Employment Agreement are essential to OnX's ability to successfully conduct its business. Absent those protections, former employees like Sciacchetano will be able to successfully raid OnX's customers, suppliers and employees and irreparably damage OnX.

15.     Sciacchetano also signed and agreed to OnX's Non-Disclosure Policy and Agreement (also attached hereto). As part of that Non-Disclosure Policy and Agreement,

4

Sciacchetano specifically promised: (1) Not to disclose or use OnX's proprietary or confidential information at any time following his termination from OnX; (2) not to disclose or use OnX's wage/compensation information, business contacts/relationships, personnel information, recruiting information, employee benefit information or similar employee data to hire or solicit OnX's employees or former employees; and (3) not to disclose or use OnX's customer lists and data, business contacts/relationships, supplier information, quotes and pricing information, forecasts, or financial information to solicit or obtain business relationships with OnX's customers, suppliers or potential customers/suppliers. *Id.* pp. 1-2.

16.     If Sciacchetano violates any of those promises, the Non-Disclosure Policy and Agreement entitles OnX to specific enforcement and other injunctive relief. *Id.* p. 3.

17.     The Non-Disclosure Policy and Agreement is assignable without Sciacchetano's consent and was assigned to OnX by its predecessor Agilysys, Inc.

18.     The protections accorded OnX in the Non-Disclosure Policy and Agreement are essential to OnX's ability to successfully conduct its business.  Absent those protections, former employees like Sciacchetano will be able to successfully raid OnX's customers, suppliers and employees and irreparably damage OnX.

19.     In August 2011, Sciacchetano's employment with OnX was terminated.  Despite Sciacchetano's Employment Agreement and Non-Disclosure Policy and Agreement, Sciacchetano has subsequently violated his obligations under those agreements.  In particular, Sciacchetano has solicited and recruited OnX employees -- including Elizabeth Mekas, Terri Coolidge and Bruce Wolff -- on behalf of Defendant Sirius Computer Solutions, Inc., OnX's direct competitor.  Sciacchetano has solicitied OnX's customers and suppliers on behalf of Defendant Sirius, OnX's competitor.  Sciacchetano has used OnX's confidential, proprietary

information and trade secrets in solciting and recruiting OnX's employees and in soliciting OnX's customers and suppliers. All of Sciacchetano's described actions have been done in knowing violation of Sciacchetano's agreements.

## CHOICE OF LAW

20.    The Employment Agreement includes an Ohio choice of law provision (¶13): "This agreement is governed by and is to be construed and enforced in accordance with the internal laws of the State of Ohio, without giving effect to principles of conflicts of law."

21.    The Non-Disclosure Policy and Agreement does not include an Ohio choice of law provision, but it was created, drafted, negotiated and retained in Ohio. It was a uniform agreement between OnX and its employees across the United States. Accordingly, Ohio law controls the Non-Disclosure Policy and Agreement.

22.    OnX is a Delaware limited liability company with its principal place of business located in Solon, Ohio. OnX was formerly known as Agilysys Technology Solutions Group, LLC, and was a subsidiary of Agilysys, Inc. Agilysys, Inc. is an Ohio corporation with its principal place of business located in Solon, Ohio. Accordingly, Ohio has a reasonable relationship with Sciacchetano's employment with Plaintiff and with his agreements.

## COUNT ONE
## BREACH OF CONTRACT (AGAINST SCIACCHETANO ONLY)

23.    OnX incorporates by reference the allegations in Paragraphs 1 through 22 of its Complaint as if fully rewritten herein.

24.    The restrictive covenants in Sciacchetano's agreements are necessary to protect OnX's legitimate business interests -- most notably, OnX's relationships with its customers, suppliers and employees and its confidential, proprietary information and trade secrets.

25.    Sciacchetano's actions described above constitute intentional, direct and material breaches of his agreements. *See Employment Agreement* at ¶¶7-8; *Non-Disclosure Policy and Agreement* at pp. 1-2.

26.    Pursuant to Ohio law, the above violations constitute irreparable injuries to OnX.

27.    OnX will suffer substantial monetary losses, as well as loss of goodwill, if Sciacchetano is permitted to continue to breach his agreements.

28.    OnX has no adequate remedy at law with respect to Sciacchetano's violations of the agreements.    Unless the Court enjoins Sciacchetano from continuing to violate his agreements, OnX will be irreparably injured.

29.    Sciacchetano's violation of the agreements has and/or will damage OnX in an amount in excess of $10 million, to be fully determined at trial.

**COUNT TWO**
**TORTIOUS INTERFERENCE WITH CONTRACTS (AGAINST SIRIUS ONLY)**

30.    OnX incorporates by reference the allegations in Paragraphs 1 through 29 of its Complaint as if fully rewritten herein.

31.    The *Employment Agreement* and *Non-Disclosure Policy and Agreement* are contracts between Sciacchetano and OnX (or its predecessor.)

32.    Sirius was (and is) aware of those contracts between Sciacchetano and OnX.

33.    Upon information and belief, despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, intentionally hired Sciacchetano for a position with Sirius and continues to employ him – intentionally procuring breach of the *Employment Agreement*.

34.    Upon information and belief, despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, intentionally had Sciacchetano solicit

7

and recruit OnX employees to work for Sirius – including Elizabeth Mekas, Terri Coolidge and Bruce Wolff – intentionally procuring breach of the *Employment Agreement.*

35. Upon information and belief, despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, intentionally had Sciacchetano solicit OnX's customers and suppliers – intentionally procuring breach of the *Employment Agreement.*

36. Despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, allowed Sciacchetano to use OnX's confidential, proprietary information and trade secrets to solcit and recruit OnX's employees and to solicit OnX's customers and suppliers – intentionally procuring breach of the *Employment Agreement* and *Non-Disclosure Policy and Agreement.*

37. Sirius lacks any legally-protected justification for its actions.

38. OnX has no adequate remedy at law with respect to Sirius's tortious interference. Unless the Court grants injunctive relief, OnX will be irreparably injured.

39. As a result of Sirius's willful, malicious, tortious and wrongful actions, OnX has (and will continue to be) damaged by Sirius' conduct, in an amount in excess of $10 million, to be fully determined at trial.

### COUNT THREE
### TORTIOUS INTERFERENCE WITH CONTRACTS AND BUSINESS RELATIONSHIPS (AGAINST BOTH DEFENDANTS)

40. OnX incorporates by reference the allegations in Paragraphs 1 through 39 of its Complaint as if fully rewritten herein.

41. OnX has contracts and/or business relationships with its employees, customers and suppliers. Defendants are aware of those contracts and business relationships.

8

42.     Defendants have intentionally interfered with the aforementioned relationships by soliciting, recruiting, encouraging and/or attempting to assist OnX's employees, customers and suppliers to terminate their business relationships and/or contracts with OnX and to enable and assist Defendants in competing against OnX.

43.     Defendants had knowledge of the existence of those business relationships and/or contacts with OnX, and they had no privilege or justification to interfere with those relationships and/or contracts.

44.     OnX has no adequate remedy at law with respect to Defendants' tortious interference. Unless the Court grants injunctive relief, OnX will be irreparably injured.

45.     As a result of Defendants' willful, malicious, tortious and wrongful actions, OnX has (and will continue to be) damaged by Defendants' conduct, in an amount in excess of $10 million, to be fully determined at trial.

## COUNT FOUR
## MISAPPROPRIATION/CONVERSION OF TRADE SECRETS (AGAINST BOTH DEFENDANTS)

46.     OnX incorporates by reference the allegations in Paragraphs 1 through 45 of its Complaint as if fully rewritten herein.

47.     Defendants have misappropriated and converted OnX's confidential, proprietary information and trade secrets, to their benefit and to OnX's detriment. Defendants' actions were willful and malicious.

48.     OnX's confidential, proprietary information and trade secrets are of distinct financial and strategic importance to OnX, have independent economic value from not being generally known, are not known to third parties, and are the subject of reasonable efforts to maintain their confidentiality.

49.     Defendants actions described above constitute misappropriation and conversion of OnX's confidential, proprietary information and trade secrets – in violation of the agreements and/or Ohio's Uniform Trade Secrets Act, R.C. §1333.61 *et. seq.*

50.     As a result of Defendants' misappropriation and conversion of confidential, proprietary information and trade secrets, OnX will suffer substantial monetary losses as well as the loss of market share, loss of competitive advantage in the marketplace, and loss of goodwill.

51.     OnX has no adequate remedy at law with respect to Defendants' actions and unless this Court enjoins Defendants from continuing to utilize OnX's confidential, proprietary information and trade secrets, OnX will be irreparably injured.

52.     OnX has been damaged by Defendants' conversion and misappropriation of confidential information, proprietary information and trade secrets, in an amount in excess of $10 million, to be fully determined at trial.

### COUNT FIVE
### ACCOUNTING (AGAINST BOTH DEFENDANTS)

53.     OnX incorporates by reference the allegations in Paragraphs 1 through 52 of its Complaint as if fully rewritten herein.

54.     OnX lacks an adequate remedy at law for Defendants' conspiracy to breach the agreements and to misappropriate OnX's confidential, proprietary information and trade secrets. OnX cannot know the extent of its injuries without an accounting of Defendants' earnings and income.

55.     For this reason, OnX requests this Court order Defendants to account for all earnings made through Sciacchetano's direct or indirect efforts to date, for both Sciacchetano's benefit and Sirius's benefit.

## COUNT SIX
## UNJUST ENRICHMENT (AGAINST BOTH DEFENDANTS)

56.     OnX incorporates by reference the allegations in Paragraphs 1 through 55 of its Complaint as if fully rewritten herein.

57.     Defendants have utilized OnX's confidential, proprietary information and trade secrets to their benefit and OnX's detriment.  They have also converted OnX's business opportunities.  Defendants' actions in wrongfully obtaining and retaining these benefits violates fundamental principles of justice, equity and good conscience.  Defendants' actions were willful and malicious.

58.     Defendants' actions described above constitute actionable unjust enrichment.

59.     As a result of Defendants' unjust enrichment, OnX will suffer substantial monetary losses and Defendants will earn profits to which they are not entitled.

60.     OnX has been damaged by Defendants, and Defendants have been unjustly enriched in an amount in excess of $10 million, to be fully determined at trial.

## COUNT SEVEN
## UNFAIR COMPETITION (AGAINST BOTH DEFENDANTS)

61.     OnX incorporates by reference the allegations in Paragraphs 1 through 60 of its Complaint as if fully rewritten herein.

62.     Defendants' conduct (described above) constitutes unfair competition. Defendants' actions were willful and malicious.

63.     As a result of Defendants' unfair competition, OnX will suffer substantial monetary losses and Defendants will earn profits to which they are not entitled.

64.     OnX has no adequate remedy at law with respect to Defendants' unfair competition.  Unless the Court grants injunctive relief, OnX will be irreparably injured.

65.     Because of Defendants' unfair competition, OnX has been damaged in an amount in excess of $10 million, to be fully determined at trial.

**COUNT EIGHT**
**CIVIL CONSPIRACY (AGAINST BOTH DEFENDANTS)**

66.     OnX incorporates by reference the allegations in Paragraphs 1 through 65 of its Complaint as if fully rewritten herein.

67.     Defendants' conduct (described above) constituted a knowing, voluntary, willful and malicious combination of two or more persons to injure OnX in person or property, in a way not competent for either Defendant to achieve alone.

68.     OnX has no adequate remedy at law with respect to Defendants' civil conspiracy. Unless the Court grants injunctive relief, OnX will be irreparably injured.

69.     Defendants' malicious combination resulted in actual damages to OnX in an amount in excess of $10 million, to be fully determined at trial.

WHEREFORE, OnX prays:

1.     That an injunction be issued against the Defendants.

2.     That Defendants, for a period of one year from the date of judgment, be restrained and enjoined from soliciting and recruiting OnX's employees, customers and suppliers through any direct or indirect efforts of Sciacchetano.

3.     That for a period of one year from the date of judgment, Sciacchetano be enjoined from working (as an employee, independent contractor or in any other capacity) for a competitor of OnX – including Sirius – and that Sirius be enjoined from employing Sciacchetano as an employee, independent contractor or in any other capacity.

4.    That Defendants be restrained and enjoined from divulging, disclosing or communicating to any other person, firm, corporation or business entity (other than OnX), OnX's confidential, proprietary information and trade secrets.

5.    That Defendants be ordered to abide by all other terms of the agreements between OnX and Sciacchetano and any similar agreements between OnX and its employees.

6.    That the Court award damages against Defendants for income and profits OnX has lost and may lose in the future as a result of Defendants' misconduct, including damages for OnX's loss of income/profit, loss of market share, loss of goodwill, and increased recruiting/employment costs, in an amount in excess of $10 million, to be fully determined at trial.

7.    That the Court award OnX all other damages Defendants caused OnX to suffer in an amount in excess of $10 million, to be fully determined at trial.

8.    That the Court order an accounting of Defendants' earnings and income.

9.    That the Court order Defendants to disgorge any profits, earnings or revenues which properly belong to OnX.

10.    That the Court award OnX such other and further relief as it deems just and proper, including but not limited to punitive damages and attorneys' fees.

## JURY DEMAND

OnX demands a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _Barry Y. Freeman_ _____

Barry Y. Freeman (0062040)
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH 44114
Telephone: 216.621.5300
Facsimile: 216.621.5440
bfreeman@bdblaw.com

*Attorney for Plaintiff*

14

# EMPLOYMENT AGREEMENT

## EMPLOYMENT AGREEMENT

**AGILYSYS, INC.**

Employee Name:     Louis Sciacchetano     Position:  VP Area Sales TSG

Address:     34 Mountainside Road
Pompton Lakes, NJ 07442

Effective date:     September 20, 2010

You are a valuable employee, and we expect you to make a significant contribution to our success. As a result, Agilysys, Inc. or its subsidiary ("Agilysys") wishes to employ you under the terms of this agreement.

1.     Employment Period. You will be employed by Agilysys for the period beginning with the Effective Date set forth above and ending with the Termination Date as defined in Paragraph 5, below (the "Employment Period").

2.     Position. You shall initially be employed in the position set forth above, with the duties and responsibilities customarily associated with that position. From time to time, Agilysys may determine that it is in Agilysys' best interest to add to, subtract from, or otherwise change your duties and responsibilities, or change or eliminate your title.

3.     Best Efforts. You shall devote all of your business time and attention to your duties as an employee of Agilysys. You shall use your best efforts, energies, and skills to advance the business of Agilysys, to further and improve its relations with suppliers, customers and others, and to keep available to Agilysys the services of its employees. You shall perform your duties in compliance with all laws and Agilysys' published policies, including ethical standards set forth in the Code of Business Conduct.

4.     Compensation. Your compensation will be pursuant to Agilysys' standard programs in effect from time to time. Agilysys reserves the right, however, in its sole discretion, to impose salary reduction, and/or other cost reduction programs, which may reduce your targeted cash compensation (provided that any such program is not discriminatory and treats you the same as other Agilysys employees holding

similar positions).  You shall be eligible to participate in any and all employee benefit plans made available from time to time to Agilysys employees generally.

5.   Termination.   Your employment may be terminated for Cause by Agilysys, voluntarily by you, or without Cause by Agilysys. The last date of your employment as a result of termination for any of these reasons is the "Termination Date".

   A. Termination for Cause and Voluntary Termination.   If your employment terminates for any of the following reasons: (a) your death, disability, or legal incompetence; (b) the issuance by Agilysys of a notice terminating your employment "for Cause" (which, for these purposes, means: (i) breach of any term of this agreement or any other duty to Agilysys; (ii) dishonesty, fraud, or failure to abide by the published ethical standards, conflict of interest, or other policies of Agilysys; (iii) your conviction for any felony crime, or for any other crime involving misappropriation of money or other property of Agilysys; (iv) misconduct, malfeasance or insubordination; or (v) failure to perform under this agreement (not including simply a failure to attain quantitative targets); or (c) you voluntarily resign your employment, then your salary will end on the Termination Date.

   B. Termination Without Cause.  If your employment is terminated by Agilysys for any reason other than those identified in Paragraph 5.A., above, then you will be paid a severance ("Severance Payments") equal to one (1) year regular base and target incentive salary (if applicable), which will be at the rate applicable to you at the time your employment terminates and will be paid during regular pay intervals during the one (1) year period ("Severance Period").   In case of termination without Cause, you will be eligible to continue to participate in applicable medical and dental coverage program(s) available to Agilysys employees for the duration of the Severance Period. You will not otherwise be eligible for severance under any Agilysys severance plan.

6.   Recoupment Right. You acknowledge and consent that if the Board of Directors of Agilysys (including a Committee of the Board) determines that Agilysys' financials are restated due directly or indirectly to the fraud, ethical misconduct, intentional misconduct or a breach of a fiduciary duty by you, the Board (or Committee) shall have sole discretion to take such actions, as permitted by law, as it deems necessary to cancel any incentive payment and to recover all or a portion of any gains realized in respect of the incentive payment provided such recovery cannot extend back more than three (3) years.

7.   Confidential Information. During the course of your employment, you have learned, and will learn, various proprietary or confidential information of Agilysys and/or its affiliates and subsidiaries (including, but not limited to, the identity of customers and employees; technological or related information of products or services; quotes, sales orders, customer forecasts, memoranda, notes records and inventory pertaining to customer orders; wage, compensation, and/or pay plan information;

information regarding legal matters including litigation and contracts; vendor information; marketing information and strategies; sales training techniques and programs; product development and design; software source and or/ binary codes; all mechanical drawings; patents and other intellectual property; strategic information regarding Agilysys including acquisition and divestiture opportunities and discussions; and data processing and management information systems, programs, and practices).  You shall not, directly, or indirectly, disclose or use any confidential information for your own benefit or that of any other person, firm, corporation, or association, during the course of your employment or at any other time following your termination, for any reason whatsoever.  You may use such information only in connection with the performance of your duties to Agilysys and agree not to copy, disclose, or otherwise use such information or contest its confidential or proprietary nature.  You agree to return any and all written documents containing such information to Agilysys upon termination of your employment.

8.  Restrictive Covenants.

A.  No Hiring/Solicitation.  During the Employment Period and for 12 months thereafter, you agree (i) not to employ or retain, have any other person or firm employ or retain, or otherwise participate in the employment or retention of any person who was an employee or consultant of Agilysys at any time during the 12 months preceding the end of the Employment Period., (ii) not to call upon, solicit, divert or take away any of the customers, business or prospective customers of Agilysys.

B.  Non-Competition.  In the event that (i) Agilysys terminates your employment for Cause or (ii) you voluntarily terminate your employment with Agilysys for any reason other than Change of Position, you agree that for a period of 12 months after such termination you will not be employed by, own, manage, operate, or control, or participate, directly or indirectly, in the ownership, management, operation, or control of, or be connected with (whether as a director, officer, employee, partner, consultant, or otherwise), any business which competes with the business of Agilysys, including, but not limited to, the sale of information technology products, software and services, property management software solutions, enterprise computer systems, and related consulting, integration, maintenance and professional services  (the "Non-compete Obligation.")

C.  If Agilysys terminates your employment for any reason other than for Cause (or if you terminate your employment for reasons of Change of Position), then the above Non-Compete Obligation will not apply to you, unless Agilysys, at its option, elects to extend the Non-Compete Obligation to you for up to a twelve-month period ("Extended Non-Competition Period"), in which case Agilysys will pay your regular base and target incentive salary (if

applicable), in accordance with regular payroll practices (the "Non-Competition Payments"), during the Extended Non-Compete Period.

Any Non-Competition Payments made to you will be in lieu of Severance Payments. To the extent the Non-Competition Period is shorter than the Severance Period applicable to you, if any, Severance Payments, if applicable to you, will be made to you for the duration of the remainder of the Severance Period after the end of the Non-Competition Period. All decisions as to (i) whether to extend to you the Non-Compete Obligation (and therefore, whether to make Non-Competition Payments to you); and (ii) the duration of any such Extended Non-Compete Period, shall be within the sole discretion of Agilysys, and will be communicated to you at the time of termination. *The Non-Competition Payments described in this subparagraph apply only to termination of your employment by Agilysys for reasons other than for Cause, or if you terminate your employment for reasons of Change of Position.*

It is understood and acknowledged that any Non-compete Obligation arising under Paragraph 8 shall be in addition to any other obligations on your part under this Agreement, including but not limited to the confidentiality and no-hiring provisions of Paragraphs 8.A. and 8.B., above.

9. Assignment of Inventions. Agilysys by law is entitled to all rights, ideas, inventions and works of authorship relating to its business that are made by its employees during the scope of their work, whether or not conceived during regular business hours, for Agilysys when using Agilysys resources. You agree to promptly and fully disclose to Agilysys all ideas, inventions, discoveries, creations, designs, methods, and other technology and rights (and any related improvements or modifications thereof), whether or not protectable under any form of legal protection afforded to intellectual property (collectively, "Innovations"), relating to any activities or proposed activities of Agilysys and its affiliates and subsidiaries, conceived or developed by you (alone or jointly with others) during your employment, whether or not conceived during regular business hours. Such Innovations shall be the sole property of Agilysys. To the extent possible, such Innovations shall be considered a Work Made for Hire under the U.S. Copyright Act. To the extent the Innovations may not be considered such a Work Made for Hire, you agree to automatically assign to Agilysys, at the time of creation of such Innovations, any right, title, or interest that you may have in such Innovations. You further agree that you will execute such written instruments, and perform any other tasks as may be necessary in the opinion of Agilysys to obtain a patent, register a copyright, or otherwise protect or enforce Agilysys' rights in such Innovations.

10. Specific Performance and Injunctive Relief. You acknowledge that Agilysys will be irreparably damaged if the provisions of this agreement are not specifically

enforced, that monetary damages will not provide an adequate remedy to Agilysys, and that Agilysys is entitled to an injunction (preliminary, temporary, or final) restraining any violation of this agreement (without any bond or other security being required), or any other appropriate decree of specific performance. Such remedies are not exclusive and shall be in addition to any other remedy which Agilysys may have.

11.     Severability and Reformation.  The provisions of Paragraphs 6 through 10 of this agreement constitute independent and separable covenants which shall survive termination or expiration of the Employment Period.  Any paragraph, phrase, or other provision of this agreement that is determined by a court of competent jurisdiction to be overly broad in scope, duration, or area of applicability or in conflict with any applicable statute or rule shall be deemed, if possible, to be omitted from this agreement.  The invalidity of any portion hereof shall not affect the validity of the remaining portions.

12.    Assignment.

   (a)     This agreement is personal to you, and cannot be assigned by you to any other party.
   (b)     This agreement shall inure to the benefit of, and be binding upon and enforceable by Agilysys, and by its subsidiaries, successors and assigns. This agreement may be assigned by Agilysys, without your consent, to a third party ("Assignee") in connection with the sale or transfer of all or substantially all of Agilysys' business, or any division or unit thereof, whether by way of sale of stock, sale of assets, merger or other transaction. Such assignment by Agilysys will not constitute nor be deemed a termination of your employment by Agilysys, and will not give rise to any rights under Paragraph 5 of this Agreement.  After such assignment, any further rights which you have under this Agreement will be the responsibility of the Assignee.

13.    General.  This agreement constitutes our full understanding relating to your employment with Agilysys, and replaces and supersedes any and all agreements, contracts, representations or understandings with respect to your employment (collectively, "Prior Agreements").  This agreement is governed by and is to be construed and enforced in accordance with the internal laws of the State of Ohio, without giving effect to principles of conflicts of law.  In the event of a conflict between the terms hereof and the provisions of Agilysys' Employee Handbook, the terms hereof shall control; otherwise, the provisions of the Employee Handbook shall remain applicable to your employment relationship.  This agreement may not be superseded, amended, or modified except in a writing signed by both parties.

In witness whereof the parties have executed this agreement this _____ day of

_____, 20___.

AGILYSYS, INC.

_____          By: _____
Louis Sciacchetano                Anthony Mellina
                                  SVP & General Manager



# NON-DISCLOSURE POLICY AND AGREEMENT



# *Non-Disclosure Policy and Agreement*

Employees of Agilysys, Inc. ("Company") having access to the Company's confidential, proprietary information referenced herein are expected to conduct themselves in an ethical, lawful, professional, responsible, and respectful manner. Such employees are expected to protect the Company's confidential, proprietary information, which includes, but is not limited to, the following:

## TECHNICAL INFORMATION

"Technical Information" refers to the following:

- Schematics
- Bills of Materials
- Costs of Materials
- Software Source Code
- Software Binary Code
- All Mechanical Drawings
- Written/Verbal Specifications
- Other Miscellaneous Technical Information

## BUSINESS INFORMATION

"Business Information" refers to the following:

- Customer lists (contacts, addresses, phone numbers, etc.)
- Technological or related information of products or services of the Company

- Information regarding account assignments and any other customer data, including, but not limited to, projected needs and opportunities
- Quotes, sales orders, customer forecasts, memoranda, notes, records, and inventory pertaining to customer orders

- Internal reporting information
- Wage/Compensation Information

- Vendor information
- Business contacts/relationships



**BUSINESS INFORMATION (continued)**

- All personnel information

- Information concerning medical or other employee benefits

- All information which the Company has covenanted not to disclose

- Financial statements of any kind

- All recruiting information

- All information regarding legal matters (contracts, litigation, administrative agency proceedings, etc.)

- Employee lists (including, but not limited to, names, addresses, phone numbers, positions, salary levels, etc.)

- Any information related to the Company's responses to solicitation for jobs/work (bids, pricing, information, etc.)

By signing at the end of this policy, the Employee recognizes and acknowledges that all of the above referenced information is a valuable, special, and unique proprietary asset of Agilysys, Inc. The Employee shall not, directly or indirectly, disclose or use any confidential information for the benefit of himself/herself or any other person, firm, corporation, or association, either during his/her employment or at any time following his/her termination, for any reason whatsoever.

All files, records, drawings, specifications, writings, notes, documents, models, samples, prototypes of any kind, an/or any other thing containing or relating to the above referenced information, whether prepared by the Employee or otherwise coming into his/her possession, shall remain the sole property of Agilysys, Inc. and shall not be copied by the employee except to the extent required in the performance of his/her duties to the company; the Employee recognizes that he/she shall return all such documents, items, and copies to the Company upon the termination of his/her employment.

By signing at the end of this policy, the Employee recognizes that it is contrary to Company policy for any employee to divulge to competitors or any other persons the above referenced information deemed confidential and proprietary by the company. The employee recognizes that, if the Company has any reason to believe that the Employee has divulged any confidential information or taken any action which threatens to be detrimental to the Company's interests because of the potential for

divulging confidential information, the Company will take appropriate disciplinary action, up to and including discharge, and may seek appropriate relief for any civil liability in the appropriate court(s) of law.

# Agilysys

In the event of a breach or threatened breach by the Employee of the duties/responsibilities set forth herein, the Employee acknowledges that the Company shall be entitled to an injunction restraining the Employee from engaging in any conduct in default of his/her obligations since damages are not the sole adequate remedy for breach of the provisions of this policy. However, nothing contained herein shall be construed as prohibiting Agilysys Inc. from pursuing any other remedies available to the Company for breach of the provisions herein against the Employee, including the recovery of appropriate compensatory and punitive damages.

I, (PRINTED NAME) _Louis Sciacchetano_ have read the foregoing and agree to comply with the terms of this Non-Disclosure Policy.

In addition, by signing below, I acknowledge that the Company has provided me with a copy of this document.

_____     _____
EMPLOYEE SIGNATURE                                      WITNESS

                              _____
                                      7-12-04
                                                        DATE

                              _____
                                      DEPARTMENT/DISTRICT

Page 3 of 3
HR-FORM-39
October, 2003

## PRAECIPE

Pursuant to Civil Rule 4.1(A), Plaintiff requests the clerk serve Defendant Sirius Computer Solutions, Inc., **VIA EXPRESS UNITED STATES MAIL,** upon its statutory agent: CT Corporation System, 1300 East 9th Street, Cleveland, Ohio 44114.

Pursuant to Civil Rule 4.3(B)(1), Plaintiff requests the clerk serve Defendant Louis Sciacchetano, **VIA EXPRESS UNITED STATES MAIL,** at 34 Mountainside Road, Pompton Lakes, NJ 07442.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _____

Barry Y. Freeman (0062040)
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH  44114
Telephone: 216.621.5300
Facsimile: 216.621.5440
bfreeman@bdblaw.com

*Attorney for Plaintiff*

«CL2:388303_v1/-0001»

30

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| OnX USA LLC, fka Agilysys Technology Solutions Group, LLC, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Louis Sciacchetano, et al., )<br><br>Defendants. ) | Case No.: CV-11-_____<br><br>JUDGE _____<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SCIACCHETANO** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT SCIACCHETANO**

NOW COMES Plaintiff, by and through its undersigned counsel, and hereby propounds the following First Set of Interrogatories to Defendant Louis Sciacchetano ("Defendant") pursuant to Rules 26 and 33 of the Ohio Rules of Civil Procedure, to be answered under oath and served upon Plaintiff's counsel at the law offices of Buckingham Doolittle & Burroughs, LLP, 1375 E. 9th Street, Suite 1700, Cleveland, Ohio 44114, within twenty-eight (28) days of service. Consistent with the provisions of Rule 26(E) of the Ohio Rules of Civil Procedure, these interrogatories shall be continuing on an ongoing basis so as to require supplemental responses where new, different, or additional information becomes available to Defendant.

INSTRUCTIONS AND DEFINITIONS

A.     The information sought must be given, whether secured by Defendant or his agents, representatives, attorneys, or any other person who has made this knowledge known to

Defendant, or from whom Defendant can get this information, and is competent to testify as to the facts stated.

B.     Defendant's answer to each of these Interrogatories should be as responsive to each portion thereof as is reasonably possible, whether such portion is a separate sentence, or portions of a single sentence, or incorporated therein by the "Definitions and Instructions" section hereof. If Defendant objects to a portion of any Interrogatory, Defendant is requested to answer the remainder.

C.     These Interrogatories shall be deemed to be continuing so as to require supplemental answers in a reasonable time prior to trial or hearing, with respect to those Interrogatories to which additional information is obtained by Defendant or his counsel.

D.     The words "Defendant," "you," and "your" refer to Louis Sciacchetano and all persons acting on behalf of such party, including, but not limited to, attorneys, associates, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of this answering party. The word "Defendants," refers to Louis Sciacchetano and Sirius Computer Solutions, Inc, and all persons acting on behalf of such parties, including, but not limited to, attorneys, associates, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of those parties.

E.     As used herein, the phrase "OnX" refers to OnX USA LLC, fka Agilysys Technology Solutions Group, LLC (a subsidiary of Agilysys, Inc.), and its representatives, employees, and agents. "Agilysys" refers to Agilysys, Inc.

F.     "Complaint" shall mean the Complaint titled *OnX USA LLC, fka Agilysys Technology Solutions Group, LLC vs. Louis Sciacchetano et al.,* pending before the Court of Common Pleas, Cuyahoga County, Ohio. "Lawsuit" shall mean the pending action encompassed by the Complaint.

2

G.    "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, letters, memoranda, telegrams, agreements, messages, applications, statements, diagrams, articles, computer printouts, e-mails, notes, catalogues, brochures, pamphlets, diaries, reports, appointment calendars, statements, announcements, photographs, tape recordings, motion pictures, video tapes, computer discs, and any carbon, photographic or other copies of any such material if Defendant does not have custody or control of the original.

H.    The word "identify" when used in reference to a person means to state his or her full name, address, and telephone number. If any of the above items are not known, provide such information as last known.

I.    The word "identify," when used in reference to other than a natural person, means to state: (1) its full name; (2) the nature of its organization, including the name of the state in which it was organized; (3) its address(es); (4) the address(es) of its principal place of business; and (5) its principal line(s) of business. If any of the above information is not available to Defendant, provide any other available information with or by which such entity can be identified.

J.    The word "identify," when used in reference to a document, means to state: (1) its date; (2) its author; (3) the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegram, chart, photograph, reproduction, or note, etc.); and (4) its present location and the name of its present custodian or each custodian if there is more than one copy thereof. If any such document was, but is no longer in the possession of the Defendant or subject to his control, or it is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transmitted or transferred voluntarily or involuntarily to others, identifying such others; or (4) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof. If any of the above is not available to Defendant, state any available means of identifying such documents.

3

K. The word "identify", when used in reference to a statement, means to identify who made it, who took it, who recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded, and to identify who has present or last known possession, custody, or control thereof.

L. The word "identify," when used with respect to an occasion, event, meeting, communication or conversation, means to state the date, place, duration and persons present, attending or participating.

M. The word "identify" when used in reference to an expert witness means to state: (1) the expert's name, address, and occupation; (2) the questions or issues which he/she has been asked to address, to provide an opinion on, or to otherwise assist Defendant(s) on; (3) the subject matter on which each expert is expected to testify or otherwise provide an opinion; (4) the substance of all facts and opinions to which each expert is expected to testify or otherwise provide to Defendant(s); (5) a summary of the grounds for each opinion of each expert; (6) a list of every case, together with the case number and court, in which each expert has either been retained as an expert and/or testified at trial as an expert, together with a brief description of the type of case within which he/she was an expert; and (7) to identify all documents and/or data relied upon to reach any conclusions or opinions.

N. The word "and" and the word "or" shall be used conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive.

O. As used herein, the past tense shall include the present tense, and vice versa; the word "including" means "including without limitation." The word "he" or any other masculine pronoun includes any individual regardless of sex, and vice versa.

P. If any document identified in an answer to an Interrogatory was, but is no longer, in Defendant's possession or subject to Defendant's custody or control or was known to

4

Defendant, but is no longer in existence, state what disposition was made of that document or what became of it.

Q.    Should any information requested be claimed as privileged, then: (1) such non-privileged information or documents should be furnished, (2) information or documents existing for which privilege is being claimed should be identified with sufficient specificity to justify the privilege claim, and (3) the ground on which the claim of privilege rests should be stated.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all individuals supplying information to answer these Interrogatories, identifying by number the Interrogatory(ies) each individual assisted in answering and the specific information provided by each individual.

**ANSWER:**

### INTERROGATORY NO. 2

State Defendant's full name, current address, telephone number and birth date.

**ANSWER:**

5

## INTERROGATORY NO. 3

State any former or other names that Defendant has ever used and the time frame during which that name was used.

### ANSWER:

## INTERROGATORY NO. 4

If Defendant has even been party to a prior legal proceeding of any nature (including, but not limited to, a civil lawsuit, criminal lawsuit, administrative claim, bankruptcy proceeding, etc.), identify the proceeding(s), including the name and number of the cases(s); court(s) or other forum where the action(s) was pending; the nature of the case(s); the date and place of each such action(s), and the outcome of the case(s), including the amount(s) of any proceeds, settlement(s) or judgment(s) that Defendant obtained or paid in such action(s).

### ANSWER:

6

**INTERROGATORY NO. 5**

Identify each and every person who has, may have, claims to have, or who Defendant believes has knowledge of any facts supporting any of the allegations in the Complaint or Defendants' defenses, or who has discoverable information that refers, relates or otherwise sheds light on any of the allegations contained in the Complaint or Defendants' defenses and provide a short statement describing the substance of that knowledge.

**ANSWER:**

**INTERROGATORY NO. 6**

Identify any statements (tape recorded, oral or written) concerning facts related to the allegations in Plaintiff's Complaint or Defendants' defenses and identify the person giving each such statement, the date of each such statement, and the subject matter and substance of each such statement.

**ANSWER:**

**INTERROGATORY NO. 7**

Excluding Defendant's spouse and Defendant's attorney and his legal staff, identify each and every person with whom Defendant has communicated regarding the subject matter of Plaintiff's Complaint, Defendants' defenses and/or the factual basis for the causes of action alleged by Plaintiff in the Complaint or by Defendants in their defenses. Identify the date, location, and subject matter of each such communication, the identity of the person(s) with whom Defendant communicated, all persons present during said communication, and state whether such communication was in whole or in part recorded, taped or reduced to writing.

**ANSWER:**

**INTERROGATORY NO. 8**

Has Defendant been employed by any entity since August 1, 2011? If yes, describe any and all such employment, including self-employment, Defendant has had since August 1, 2011, including the name, address and telephone number of each employer; the dates of each employment and reason for leaving, if applicable; the job title Defendant held; the rate of pay and annual earnings of Defendant, including all benefits.

**ANSWER:**

8

## INTERROGATORY NO. 9

Identify each document that Defendant has any reason to believe may contain information that refers, relates, or otherwise sheds light on any allegations in the Complaint or in Defendants' defenses.

### ANSWER:

## INTERROGATORY NO. 10

Has Defendant ever been arrested or convicted (including a plea of nolo contendre), or received deferred adjudication for any crime? If so, please state the date of all arrests and convictions, the precise nature of all charges made the basis of each arrest and conviction, the location of each arrest and conviction, the factual circumstances involved in each arrest and conviction and the final disposition of each arrest and conviction.

### ANSWER:

## INTERROGATORY NO. 11

Identify each and every expert witness who Defendant intends to call as a witness, or has contacted or attempted to contact in connection with this case, whether to testify in anticipation

of litigation, or to assist in litigation, his/her area of expertise and expert qualifications; describe the scope of his/her testimony, including, but not limited to, any expert opinion to which the witness will testify and each and every fact and document on which he/she will rely in forming said opinion; whether any reports or statement have been obtained from him/her; all documents and any other material upon which such person is expected to rely at trial; the manner in which such person became familiar with the facts of this case; and whether Defendant intends to call him/her to testify as a witness in this case.

**ANSWER:**

**INTERROGATORY NO. 12**

Identify all computers, cell phones, and other electronic media Defendant has used since July 29, 2011, including the computer(s) Defendant used to send or receive emails from his "lschack55@yahoo.com" address.

**ANSWER:**

### INTERROGATORY NO. 13

Identify all current and former OnX/Agilysys employees, customers, vendors and suppliers you worked with while you were an employee of OnX/Agilysys.

### ANSWER:

### INTERROGATORY NO. 14

For each current or former OnX/Agilysys customer, vendor or supplier identified in Interrogatory No. 13, identify each current or former employee, customer, vendor or supplier you had contact with, whether by mail, e-mail, telephone, in-person, or by other means, since July 29, 2011, the dates of each such contact and the customer, vendor or supplier contacted.

### ANSWER:

### INTERROGATORY NO. 15

Identify the services you have performed for Sirius Computer Solutions, Inc.

### ANSWER:

11

### INTERROGATORY NO. 16

For each current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 13, identify each current or former employee, customer, vendor or supplier that you did anything to help Sirius Computer Solutions, Inc. do (or attempt to do) business with or have (or attempt to have) a relationship with.

### ANSWER:

### INTERROGATORY NO. 17

For each current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 13, identify each current or former employee, customer, vendor or supplier that now does business with or has a relationship with Sirius Computer Solutions, Inc.

### ANSWER:

### INTERROGATORY NO. 18

For each current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 13, identify each current or former employee, customer, vendor or supplier that Sirius Computer Solutions, Inc. has had contact with, whether by mail, e-mail, telephone, in-person, or by other means, since July 29, 2011.

**ANSWER:**

**INTERROGATORY NO. 19**

Identify all phone numbers (including the name of the phone company) and email addresses (including the internet provider) you used since July 29, 2011.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO DEFENDANT SCIACCHETANO

NOW COMES Plaintiff, by and through its undersigned counsel, and hereby propounds the following First Request for Production of Documents to Defendant Louis Sciacchetano ("Defendant") pursuant to Rules 26 and 34 of the Ohio Rules of Civil Procedure. The requested documentation shall be produced for inspection and copying at the offices of Plaintiff's counsel – Buckingham, Doolittle & Burroughs, LLP, 1375 E. 9th Street, Cleveland, Ohio 44114, within twenty-eight (28) days of service. Consistent with the provisions of Rule 26(E) of the Ohio Rules of Civil Procedure, these requests shall be continuing on an ongoing basis so as to require supplemental responses where new, different, or additional information becomes available to Defendant.

### INSTRUCTIONS AND DEFINITIONS

A.     These Requests shall be deemed to be continuing in nature, so as to require immediate further and supplemental production if Defendant receives, locates or generates additional documents after the time of original production.

B.     In responding to these Requests, all requested documents in Defendant's possession, custody or control are to be produced. This includes documents in the possession, custody or control of Defendant's current or former attorneys or their investigators, or of any third party or parties to whom Defendant has surrendered possession, custody, or control or who are acting on his behalf, or who have otherwise obtained possession, custody or control, or who, upon Defendant's request, would surrender possession, custody or control to Defendant.

C.     The words "Defendant," "you," and "your" refer to Louis Sciacchetano and all persons acting on behalf of such party, including, but not limited to, attorneys, associates, investigators, agents, employees, representatives, or others who are in possession of or who may

14

have obtained information for or on behalf of this responding party. The word "Defendants," refers to Louis Sciacchetano and Sirius Computer Solutions, Inc, and all persons acting on behalf of such parties, including, but not limited to, attorneys, associates, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of those parties.

D.     As used herein, the phrase "OnX" refers to OnX USA LLC, fka Agilysys Technology Solutions Group, LLC (a subsidiary of Agilysys, Inc.), and its representatives, employees, and agents. "Agilysys" refers to Agilysys, Inc.

E.     "Complaint" shall mean the Complaint titled *OnX USA LLC, fka Agilysys Technology Solutions Group, LLC vs. Louis Sciacchetano, et al.* pending before the Court of Common Pleas, Cuyahoga County, Ohio. "Lawsuit" shall mean the pending action encompassed by the Complaint.

F.     As used herein, the term "document" or "documents" includes, without limitation, the original or any copies, regardless of origin or location, of any correspondence, book, pamphlet, periodical, application, agreement, appointment calendar, letter, calendar or diary entry, memorandum, message, electronic mail, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape, microfilm, tape, data sheet or data processing card or disk, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, whether produced or reproduced on paper, cards, tapes, films, electronic facsimile, computer storage device, or any other media to which Defendant has or had access, and all other memorials of any conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording,

however produced or reproduced, which is in the Defendant's possession, custody or control or in the possession, custody or control of any agent of Defendant including Defendant's attorney, and any copies or reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received or otherwise, including drafts. The term "document" or "documents" also specifically shall include any and all data produced, recorded or copied by Defendant, whether on hardware or software owned and/or leased by Defendant or on hardware and/or software owned by or in the possession of Defendant, including but not limited to all software, tapes and/or floppy disks, and any hard copies produced therefrom. Designated documents are to be considered as including all attachments, enclosures and other documents that relate to, refer to (or are referred to in) such designated documents. The enumeration of various specific items as included within the definition of the term "document" or "documents" shall not be taken to limit the generality of the terms, and the Document Requests herein are intended to identify all documents in the broadest and most comprehensive sense and meaning of the term. Any uncertainty regarding the meaning of words and phrases should be resolved in favor of production.

G.    This Request contemplates production of the documents in their entirety, without abbreviation or expurgation.

H.    If Defendant cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Defendant's inability to answer the remainder and stating whatever information and knowledge he has concerning the document he is unable to produce. If any such document was, but is no longer in his possession, custody or control, state how it was disposed of and the reason for such disposition.

I.     If any document called for by these Requests has been destroyed, the document is to be identified as follows: (1) addressor (if applicable); (2) addressee (if applicable); (3) indicated or blind copies; (4) date; (5) subject matter; (6) number of pages; (7) attachments and appendices; (8) all persons (including non-natural persons) to whom it was distributed, shown or explained; (9) date of destruction; (10) manner and reason for destruction; (11) person (including non-natural persons) who authorized destruction; and (12) person (including non-natural persons) who destroyed the document.

J.     If any document called for by these Requests is withheld on the basis of a claim of privilege, identify the document as follows: (1) addressor (if applicable); (2) addressee (if applicable); (3) indicated or blind copies; (4) date; (5) subject matter; (6) number of pages; (7) attachments and appendices; (8) all persons (including non-natural persons) to whom it was distributed, shown or explained; and (9) present custodian (including non-natural persons) and nature of the privilege asserted.

K.     Each request refers to documents that are either known by Defendant to exist or can be located or discovered by reasonably diligent efforts by Defendant. If Defendant does not have or is not aware of any documents responsive to any request, or if no responsive documents exist, so indicate.

L.     In the event Defendant objects to any of the requests herein, Defendant shall state his objection(s) as specifically as possible. Defendant shall also produce all documents to the extent not objectionable including both the production of non-objectionable documents and the production of non-objectionable portions of objectionable documents.

17

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Produce any and all documents (whether generated by Defendant, OnX/Agilysys, Sirius Computer Solutions, Inc., or other persons) which reflect, refer to, relate to, shed light upon, support, describe or form the basis of any of the allegations in Plaintiff's Complaint or Defendants' defenses.

### RESPONSE:

### REQUEST NO. 2

Produce all documents that were used to answer, or were reviewed, identified, relied upon, or referred to in responding to Plaintiff's First Set of Interrogatories Directed to Defendant.

### RESPONSE:

### REQUEST NO. 3

Produce all documents (including, but not limited to, tape recordings, transcripts or notes) that reflect, evidence, or reference any conversations Defendant has had with anyone

(except legal counsel) regarding the allegations set forth in the Complaint or Defendants' defenses.

**RESPONSE:**

**REQUEST NO. 4**

Produce Defendant's current or most recent resume and/or curriculum vitae.

**RESPONSE:**

**REQUEST NO. 5**

Produce all documents which reflect attempts by Defendant to search for or obtain employment since July 29, 2011, including but not limited to any letters to or from any prospective employer and/or employment agency, recruiting agency, or headhunter, resumes, log books, advertisements, return and follow-up correspondence, electronic mail messages, texts, telephone message entries, notes, calendars, memoranda, employment and/or job bid postings and applications and all other such documents.

**RESPONSE:**

## REQUEST NO. 6

Produce all documents which reflect monies earned by Defendant, whether received or not, including W-2s, 1099s, tax returns, paycheck stubs, ledger sheets, commission statements, bonuses, profits, and any other compensation earned or received by Defendant since July 29, 2011.

### RESPONSE:

## REQUEST NO. 7

Produce any and all documents, including statements, reports, notes, emails, texts, calendars, video and tape recordings, and diaries, memorializing any conversations, communications, incidents, meetings or other interaction between Defendant and any current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 13 since July 29, 2011.

### RESPONSE:

**REQUEST NO. 8**

Produce any and all documents, including statements, reports, notes, emails, texts, calendars, video and tape recordings, and diaries, memorializing any conversations, communications, incidents, meetings or other interaction between Sirius Computer Solutions, Inc. and any current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 13 since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 9**

Produce all documents and correspondence to or from Defendant and any other person or entity which concerns the fact that Plaintiff has filed a lawsuit against Defendant(s) and/or the allegations contained in Plaintiff's Complaint or Defendants' defenses.

**RESPONSE:**

## REQUEST NO. 10

Produce all documents created by, created for, or received by Defendant from OnX/Agilysys or any agent, employee or representative of OnX/Agilysys, before, during or after Defendant's employment with OnX/Agilysys.

## RESPONSE:

## REQUEST NO. 11

Produce all exhibits Defendant intends to offer or use at trial, hearing, mediation or deposition.

## RESPONSE:

## REQUEST NO. 12

With respect to each expert witness Defendant intends to call at trial, please produce any and all documents regarding the following:

a.      Any expert report, statement or other document issued by the identified experts regarding their opinions or basis for their opinions;

22

b.     Any and all documents reviewed by the identified experts and/or upon which the identified experts based their opinions;

c.     Any and all documents regarding the qualifications of the identified experts for rendering such opinions, including but not limited to the current resume and/or curriculum vitae for each identified expert witness;

d.     Any and all documents passing between each identified expert witness and Defendant or Defendant's counsel; and

e.     Any and all documents not protected by the attorney-client privilege and relevant to the use of the identified experts.

**RESPONSE:**

**REQUEST NO. 13**

Produce copies of the pleadings and all other relevant documents for any and all other prior or currently-pending lawsuits, criminal actions, grievances, charges or other claims in which Defendant was and/or is named as a party (besides the instant case).

**RESPONSE:**

## REQUEST NO. 14

Produce all documents which, although they may not be responsive to any of the above requests, nevertheless support any of Plaintiff's claims or Defendants' defenses, whether generated by Plaintiff, Defendant, or other persons.

### RESPONSE:

## REQUEST NO. 15

All documents which pertain to or in any way relate to any current or former employee, customer, vendor or supplier of OnX/Agilysys.

### RESPONSE:

## REQUEST NO. 16

All diaries, calendars, appointment books and cards, time records and books, notes, memoranda or any other documents which pertain, relate, or refer to Defendant's whereabouts and/or which otherwise memorialize in writing or record any events in Defendant's life since July 29, 2011.

### RESPONSE:

24

**REQUEST NO. 17**

Produce all computers, cell phones and other electronic media identified in Interrogatory No. 12 for forensic inspection.

**RESPONSE:**

**REQUEST NO. 18**

All documents which pertain to or in any way relate to the services you have performed for Sirius Computer Solutions, Inc.

**RESPONSE:**

**REQUEST NO. 19**

All documents which pertain to or in any way relate to anything you did to help Sirius Computer Solutions, Inc. do (or attempt to do) business with or have (or attempt to have) a relationship with any current or former OnX/Agilysys employee, customer, vendor or supplier.

**RESPONSE:**

**REQUEST NO. 20**

All documents which pertain to or in any way relate to any current or former OnX/Agilysys employee, customer, vendor or supplier that has done business with or had a relationship with Sirius Computer Solutions, Inc. since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 21**

All documents which pertain to or in any way relate to any current or former OnX/Agilysys employee, customer, vendor or supplier that Sirius Computer Solutions, Inc. has had contact with, whether by mail, e-mail, telephone, in-person, or by other means, since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 22**

Phone bills/invoices for all phone numbers (including cell phone numbers) you used since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 23**

All documents which pertain to or in any way relate to monies/sums paid by or to Sirius Computer Solutions, Inc. by or to any current or former OnX/Agilysys employee, customer, vendor or supplier since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 24**

All documents which pertain to or in any way relate to *offers to pay* monies/sums by or to Sirius Computer Solutions, Inc. by or to any current or former OnX/Agilysys employee, customer, vendor or supplier since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 25**

Produce all documents reflecting or pertaining to Defendant's (live, telephonic or electronic) business appointments, meetings, calendars or schedules since July 29, 2011.

**RESPONSE:**

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _____

Barry Y. Freeman (0062040)
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH  44114
Telephone: 216.621.5300
Facsimile: 216.621-5440
bfreeman@bdblaw.com

*Attorney for Plaintiff*

## PRAECIPE

Pursuant to Civil Rule 4.1(A), Plaintiff requests the clerk serve Defendant Sirius Computer Solutions, Inc., **VIA EXPRESS UNITED STATES MAIL,** upon its statutory agent: CT Corporation System, 1300 East 9th Street, Cleveland, Ohio 44114.

Pursuant to Civil Rule 4.3(B)(I), Plaintiff requests the clerk serve Defendant Louis Sciacchetano, **VIA EXPRESS UNITED STATES MAIL,** at 34 Mountainside Road, Pompton Lakes, NJ 07442.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _Barry Y. Freeman_

Barry Y. Freeman (0062040)
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH 44114
Telephone: 216.621.5300
Facsimile: 216.621-5440
bfreeman@bdblaw.com

*Attorney for Plaintiff*

«CL2:388307_v1/-0001»

29

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| OnX USA LLC, fka Agilysys Technology Solutions Group, LLC, | ) ) | Case No.: CV-11-_____ |
| | ) | |
| Plaintiff, | ) ) | JUDGE _____ |
| | ) | **PLAINTIFF'S FIRST SET OF** |
| vs. | ) ) | **INTERROGATORIES AND** **REQUESTS FOR PRODUCTION OF** |
| Louis Sciacchetano, et al., | ) ) | **DOCUMENTS TO DEFENDANT** **SIRIUS COMPUTER SOLUTIONS,** |
| Defendants. | ) | **INC.** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT
SIRIUS COMPUTER SOLUTIONS, INC.**

NOW COMES Plaintiff, by and through its undersigned counsel, and hereby propounds

the following First Set of Interrogatories to Defendant Sirius Computer Solutions, Inc.

("Defendant") pursuant to Rules 26 and 33 of the Ohio Rules of Civil Procedure, to be answered

under oath and served upon Plaintiff's counsel at the law offices of Buckingham Doolittle &

Burroughs, LLP, 1375 E. 9th Street, Suite 1700, Cleveland, Ohio 44114, within twenty-eight

(28) days of service. Consistent with the provisions of Rule 26(E) of the Ohio Rules of Civil

Procedure, these interrogatories shall be continuing on an ongoing basis so as to require

supplemental responses where new, different, or additional information becomes available to

Defendant.

## INSTRUCTIONS AND DEFINITIONS

A.    The information sought must be given, whether secured by Defendant or its agents, representatives, attorneys, or any other person who has made this knowledge known to Defendant, or from whom Defendant can get this information, and is competent to testify as to the facts stated.

B.    Defendant's answer to each of these Interrogatories should be as responsive to each portion thereof as is reasonably possible, whether such portion is a separate sentence, or portions of a single sentence, or incorporated therein by the "Definitions and Instructions" section hereof.  If Defendant objects to a portion of any Interrogatory, Defendant is requested to answer the remainder.

C.    These Interrogatories shall be deemed to be continuing so as to require supplemental answers in a reasonable time prior to trial or hearing, with respect to those Interrogatories to which additional information is obtained by Defendant or its counsel.

D.    The words "Defendant," "you," and "your" refer to Sirius Computer Solutions, Inc. and all persons acting on behalf of such party, including, but not limited to, attorneys, associates, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of this answering party.  The word "Defendants," refers to Louis Sciacchetano and Sirius Computer Solutions, Inc, and all persons acting on behalf of such parties, including, but not limited to, attorneys, associates, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of those parties.

E.    As used herein, the phrase "OnX" refers to OnX USA LLC, fka Agilysys Technology Solutions Group, LLC (a subsidiary of Agilysys, Inc.), and its representatives, employees, and agents.  "Agilysys" refers to Agilysys, Inc.

2

F.  "Complaint" shall mean the Complaint titled *OnX USA LLC, fka Agilysys Technology Solutions Group, LLC vs. Louis Sciacchetano et al.,* pending before the Court of Common Pleas, Cuyahoga County, Ohio. "Lawsuit" shall mean the pending action encompassed by the Complaint.

G.  "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, letters, memoranda, telegrams, agreements, messages, applications, statements, diagrams, articles, computer printouts, e-mails, notes, catalogues, brochures, pamphlets, diaries, reports, appointment calendars, statements, announcements, photographs, tape recordings, motion pictures, video tapes, computer discs, and any carbon, photographic or other copies of any such material if Defendant does not have custody or control of the original.

H.  The word "identify" when used in reference to a person means to state his or her full name, address, and telephone number. If any of the above items are not known, provide such information as last known.

I.  The word "identify," when used in reference to other than a natural person, means to state: (1) its full name; (2) the nature of its organization, including the name of the state in which it was organized; (3) its address(es); (4) the address(es) of its principal place of business; and (5) its principal line(s) of business. If any of the above information is not available to Defendant, provide any other available information with or by which such entity can be identified.

J.  The word "identify," when used in reference to a document, means to state: (1) its date; (2) its author; (3) the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegram, chart, photograph, reproduction, or note, etc.); and (4) its present location and the name of its present custodian or each custodian if there is more than one copy thereof. If any such document was, but is no longer in the possession of the Defendant or subject

3

to its control, or it is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transmitted or transferred voluntarily or involuntarily to others, identifying such others; or (4) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof. If any of the above is not available to Defendant, state any available means of identifying such documents.

K.    The word "identify", when used in reference to a statement, means to identify who made it, who took it, who recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded, and to identify who has present or last known possession, custody, or control thereof.

L.    The word "identify," when used with respect to an occasion, event, meeting, communication or conversation, means to state the date, place, duration and persons present, attending or participating.

M.    The word "identify" when used in reference to an expert witness means to state: (1) the expert's name, address, and occupation; (2) the questions or issues which he/she has been asked to address, to provide an opinion on, or to otherwise assist Defendant(s) on; (3) the subject matter on which each expert is expected to testify or otherwise provide an opinion; (4) the substance of all facts and opinions to which each expert is expected to testify or otherwise provide to Defendant(s); (5) a summary of the grounds for each opinion of each expert; (6) a list of every case, together with the case number and court, in which each expert has either been retained as an expert and/or testified at trial as an expert, together with a brief description of the type of case within which he/she was an expert; and (7) to identify all documents and/or data relied upon to reach any conclusions or opinions.

N.    The word "and" and the word "or" shall be used conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive.

O.      As used herein, the past tense shall include the present tense, and vice versa; the word "including" means "including without limitation." The word "he" or any other masculine pronoun includes any individual regardless of sex, and vice versa.

P.      If any document identified in an answer to an Interrogatory was, but is no longer, in Defendant's possession or subject to Defendant's custody or control or was known to Defendant, but is no longer in existence, state what disposition was made of that document or what became of it.

Q.      Should any information requested be claimed as privileged, then: (1) such non-privileged information or documents should be furnished, (2) information or documents existing for which privilege is being claimed should be identified with sufficient specificity to justify the privilege claim, and (3) the ground on which the claim of privilege rests should be stated.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all individuals supplying information to answer these Interrogatories, identifying by number the Interrogatory(ies) each individual assisted in answering and the specific information provided by each individual.

### ANSWER:

### INTERROGATORY NO. 2

State Defendant's full name, current address, and telephone number.

5

**ANSWER:**

**INTERROGATORY NO. 3**

State any former or other names that Defendant has ever used and the time frame during which that name was used.

**ANSWER:**

**INTERROGATORY NO. 4**

If Defendant has even been party to a prior legal proceeding of any nature (including, but not limited to, a civil lawsuit, criminal lawsuit, administrative claim, bankruptcy proceeding, etc.), identify the proceeding(s), including the name and number of the cases(s); court(s) or other forum where the action(s) was pending; the nature of the case(s); the date and place of each such action(s), and the outcome of the case(s), including the amount(s) of any proceeds, settlement(s) or judgment(s) that Defendant obtained or paid in such action(s).

**ANSWER:**

6

**INTERROGATORY NO. 5**

Identify each and every person who has, may have, claims to have, or who Defendant believes has knowledge of any facts supporting any of the allegations in the Complaint or Defendants' defenses, or who has discoverable information that refers, relates or otherwise sheds light on any of the allegations contained in the Complaint or Defendants' defenses and provide a short statement describing the substance of that knowledge.

**ANSWER:**

**INTERROGATORY NO. 6**

Identify any statements (tape recorded, oral or written) concerning facts related to the allegations in Plaintiff's Complaint or Defendants' defenses and identify the person giving each such statement, the date of each such statement, and the subject matter and substance of each such statement.

**ANSWER:**

## INTERROGATORY NO. 7

Excluding Defendant's attorney and his legal staff, identify each and every person with whom Defendant has communicated regarding the subject matter of Plaintiff's Complaint, Defendants' defenses and/or the factual basis for the causes of action alleged by Plaintiff in the Complaint or by Defendants in their defenses. Identify the date, location, and subject matter of each such communication, the identity of the person(s) with whom Defendant communicated, all persons present during said communication, and state whether such communication was in whole or in part recorded, taped or reduced to writing.

**ANSWER:**

## INTERROGATORY NO. 8

Identify each document that Defendant has any reason to believe may contain information that refers, relates, or otherwise sheds light on any allegations in the Complaint or in Defendants' defenses.

**ANSWER:**

**INTERROGATORY NO. 9**

Identify each and every expert witness who Defendant intends to call as a witness, or has contacted or attempted to contact in connection with this case, whether to testify in anticipation of litigation, or to assist in litigation, his/her area of expertise and expert qualifications; describe the scope of his/her testimony, including, but not limited to, any expert opinion to which the witness will testify and each and every fact and document on which he/she will rely in forming said opinion; whether any reports or statement have been obtained from him/her; all documents and any other material upon which such person is expected to rely at trial; the manner in which such person became familiar with the facts of this case; and whether Defendant intends to call him/her to testify as a witness in this case.

**ANSWER:**

**INTERROGATORY NO. 10**

Identify all computers, cell phones, and other electronic media Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff have used since July 29, 2011.

**ANSWER:**

## INTERROGATORY NO. 11

Identify all current and former OnX/Agilysys employees, customers, vendors and suppliers you have employed, attempted to employ, done business with, attempted to do business with, solicited, or attempted to solicit.

### ANSWER:

## INTERROGATORY NO. 12

For each current or former OnX/Agilysys customer, vendor or supplier identified in Interrogatory No. 11, identify each current or former employee, customer, vendor or supplier you had contact with, whether by mail, e-mail, telephone, in-person, or by other means, since July 29, 2011, the dates of each such contact and the customer, vendor or supplier contacted.

### ANSWER:

### INTERROGATORY NO. 13

Identify the services Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and Bruce Wolff have performed for Sirius Computer Solutions, Inc.

### ANSWER:

### INTERROGATORY NO. 14

For each current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 11, identify each current or former employee, customer, vendor or supplier that Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff did anything to help Sirius Computer Solutions, Inc. do (or attempt to do) business with or have (or attempt to have) a relationship with.

### ANSWER:

### INTERROGATORY NO. 15

For each current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 11, identify each current or former employee, customer, vendor or supplier that now does business with or has a relationship with Sirius Computer Solutions, Inc.

### ANSWER:

**INTERROGATORY NO. 16**

For each current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 11, identify each current or former employee, customer, vendor or supplier that Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff have had contact with, whether by mail, e-mail, telephone, in-person, or by other means, since July 29, 2011.

**ANSWER:**

**INTERROGATORY NO. 17**

Identify all phone numbers (including the name of the phone company) and email addresses (including the internet provider) Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff have used since July 29, 2011.

**ANSWER:**

12

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT SIRIUS COMPUTER SOLUTIONS, INC.

NOW COMES Plaintiff, by and through its undersigned counsel, and hereby propounds the following First Request for Production of Documents to Defendant Sirius Computer Solutions, Inc. ("Defendant") pursuant to Rules 26 and 34 of the Ohio Rules of Civil Procedure. The requested documentation shall be produced for inspection and copying at the offices of Plaintiff's counsel – Buckingham, Doolittle & Burroughs, LLP, 1375 E. 9th Street, Cleveland, Ohio 44114, within twenty-eight (28) days of service. Consistent with the provisions of Rule 26(E) of the Ohio Rules of Civil Procedure, these requests shall be continuing on an ongoing basis so as to require supplemental responses where new, different, or additional information becomes available to Defendant.

### INSTRUCTIONS AND DEFINITIONS

A. These Requests shall be deemed to be continuing in nature, so as to require immediate further and supplemental production if Defendant receives, locates or generates additional documents after the time of original production.

B. In responding to these Requests, all requested documents in Defendant's possession, custody or control are to be produced. This includes documents in the possession, custody or control of Defendant's employees, agents, current or former attorneys or their investigators, or of any third party or parties to whom Defendant has surrendered possession, custody, or control or who are acting on its behalf, or who have otherwise obtained possession, custody or control, or who, upon Defendant's request, would surrender possession, custody or control to Defendant.

C. The words "Defendant," "you," and "your" refer to Sirius Computer Solutions, Inc. and all persons acting on behalf of such party, including, but not limited to, attorneys,

associates, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of this responding party. The word "Defendants," refers to Louis Sciacchetano and Sirius Computer Solutions, Inc, and all persons acting on behalf of such parties, including, but not limited to, attorneys, associates, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of those parties.

D.     As used herein, the phrase "OnX" refers to OnX USA LLC, fka Agilysys Technology Solutions Group, LLC (a subsidiary of Agilysys, Inc.), and its representatives, employees, and agents. "Agilysys" refers to Agilysys, Inc.

E.     "Complaint" shall mean the Complaint titled *OnX USA LLC, fka Agilysys Technology Solutions Group, LLC vs. Louis Sciacchetano, et al.* pending before the Court of Common Pleas, Cuyahoga County, Ohio. "Lawsuit" shall mean the pending action encompassed by the Complaint.

F.     As used herein, the term "document" or "documents" includes, without limitation, the original or any copies, regardless of origin or location, of any correspondence, book, pamphlet, periodical, application, agreement, appointment calendar, letter, calendar or diary entry, memorandum, message, electronic mail, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape, microfilm, tape, data sheet or data processing card or disk, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, whether produced or reproduced on paper, cards, tapes, films, electronic facsimile, computer storage device, or any other media to which Defendant has or had access, and all other memorials of any conversations,

14

meetings, and conferences, by telephone or otherwise, and any other writing or recording, however produced or reproduced, which is in the Defendant's possession, custody or control or in the possession, custody or control of any agent of Defendant including Defendant's attorney, and any copies or reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received or otherwise, including drafts. The term "document" or "documents" also specifically shall include any and all data produced, recorded or copied by Defendant, whether on hardware or software owned and/or leased by Defendant or on hardware and/or software owned by or in the possession of Defendant, including but not limited to all software, tapes and/or floppy disks, and any hard copies produced therefrom. Designated documents are to be considered as including all attachments, enclosures and other documents that relate to, refer to (or are referred to in) such designated documents. The enumeration of various specific items as included within the definition of the term "document" or "documents" shall not be taken to limit the generality of the terms, and the Document Requests herein are intended to identify all documents in the broadest and most comprehensive sense and meaning of the term. Any uncertainty regarding the meaning of words and phrases should be resolved in favor of production.

G.    This Request contemplates production of the documents in their entirety, without abbreviation or expurgation.

H.    If Defendant cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Defendant's inability to answer the remainder and stating whatever information and knowledge it has concerning the document it is unable to produce. If any such document was, but is no longer in its possession, custody or control, state how it was disposed of and the reason for such disposition.

15

I.      If any document called for by these Requests has been destroyed, the document is to be identified as follows: (1) addressor (if applicable); (2) addressee (if applicable); (3) indicated or blind copies; (4) date; (5) subject matter; (6) number of pages; (7) attachments and appendices; (8) all persons (including non-natural persons) to whom it was distributed, shown or explained; (9) date of destruction; (10) manner and reason for destruction; (11) person (including non-natural persons) who authorized destruction; and (12) person (including non-natural persons) who destroyed the document.

J.      If any document called for by these Requests is withheld on the basis of a claim of privilege, identify the document as follows: (1) addressor (if applicable); (2) addressee (if applicable); (3) indicated or blind copies; (4) date; (5) subject matter; (6) number of pages; (7) attachments and appendices; (8) all persons (including non-natural persons) to whom it was distributed, shown or explained; and (9) present custodian (including non-natural persons) and nature of the privilege asserted.

K.      Each request refers to documents that are either known by Defendant to exist or can be located or discovered by reasonably diligent efforts by Defendant. If Defendant does not have or is not aware of any documents responsive to any request, or if no responsive documents exist, so indicate.

L.      In the event Defendant objects to any of the requests herein, Defendant shall state its objection(s) as specifically as possible. Defendant shall also produce all documents to the extent not objectionable including both the production of non-objectionable documents and the production of non-objectionable portions of objectionable documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Produce any and all documents (whether generated by Defendant, OnX/Agilysys, Louis Sciacchetano, or other persons) which reflect, refer to, relate to, shed light upon, support, describe or form the basis of any of the allegations in Plaintiff's Complaint or Defendants' defenses.

### RESPONSE:

### REQUEST NO. 2

Produce all documents that were used to answer, or were reviewed, identified, relied upon, or referred to in responding to Plaintiff's First Set of Interrogatories Directed to Defendant.

### RESPONSE:

### REQUEST NO. 3

Produce all documents (including, but not limited to, tape recordings, transcripts or notes) that reflect, evidence, or reference any conversations Defendant has had with anyone

(except legal counsel) regarding the allegations set forth in the Complaint or Defendants' defenses.

**RESPONSE:**

**REQUEST NO. 4**

Produce the current or most recent resume and/or curriculum vitae for Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and Bruce Wolff.

**RESPONSE:**

**REQUEST NO. 5**

Produce all documents which reflect attempts by Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and Bruce Wolff to search for or obtain employment since July 29, 2011, including but not limited to any letters, resumes, return and follow-up correspondence, electronic mail messages, texts, telephone message entries, notes, calendars, memoranda, employment and/or job bids and applications and all other such documents.

**RESPONSE:**

**REQUEST NO. 6**

Produce all documents which reflect monies earned by Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and Bruce Wolff, whether received or not, including W-2s, 1099s, paycheck stubs, ledger sheets, commission statements, bonuses, profits, and any other compensation earned or received by them since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 7**

Produce any and all documents, including statements, reports, notes, emails, texts, calendars, video and tape recordings, and diaries, memorializing any conversations, communications, incidents, meetings or other interaction between Defendant and any current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 11 since July 29, 2011.

**RESPONSE:**

19

**REQUEST NO. 8**

Produce any and all documents, including statements, reports, notes, emails, texts, calendars, video and tape recordings, and diaries, memorializing any conversations, communications, incidents, meetings or other interaction between Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff and any current or former OnX/Agilysys employee, customer, vendor or supplier identified in Interrogatory No. 11 since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 9**

Produce all documents and correspondence to or from Defendant and any other person or entity which concerns the fact that Plaintiff has filed a lawsuit against Defendant(s) and/or the allegations contained in Plaintiff's Complaint or Defendants' defenses.

**RESPONSE:**

**REQUEST NO. 10**

Produce all documents created by, created for, or received by Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff from OnX/Agilysys or any agent,

employee or representative of OnX/Agilysys, before, during or after their employment with OnX/Agilysys.

**RESPONSE:**

### REQUEST NO. 11

Produce all exhibits Defendant intends to offer or use at trial, hearing, mediation or deposition.

**RESPONSE:**

### REQUEST NO. 12

With respect to each expert witness Defendant intends to call at trial, please produce any and all documents regarding the following:

    a.    Any expert report, statement or other document issued by the identified experts regarding their opinions or basis for their opinions;

    b.    Any and all documents reviewed by the identified experts and/or upon which the identified experts based their opinions;

c.     Any and all documents regarding the qualifications of the identified experts for rendering such opinions, including but not limited to the current resume and/or curriculum vitae for each identified expert witness;

d.     Any and all documents passing between each identified expert witness and Defendant or Defendant's counsel; and

e.     Any and all documents not protected by the attorney-client privilege and relevant to the use of the identified experts.

**RESPONSE:**

## REQUEST NO. 13

Produce copies of the pleadings and all other relevant documents for any and all other prior or currently-pending lawsuits, criminal actions, grievances, charges or other claims in which Defendant was and/or is named as a party (besides the instant case).

**RESPONSE:**

**REQUEST NO. 14**

Produce all documents which, although they may not be responsive to any of the above requests, nevertheless support any of Plaintiff's claims or Defendants' defenses, whether generated by Plaintiff, Defendant, or other persons.

**RESPONSE:**

**REQUEST NO. 15**

All documents which pertain to or in any way relate to any current or former employee, customer, vendor or supplier of OnX/Agilysys.

**RESPONSE:**

**REQUEST NO. 16**

All diaries, calendars, appointment books and cards, time records and books, notes, memoranda or any other documents which pertain, relate, or refer to Louis Sciacchetano's, Elizabeth Mekas', Terri Coolidge's and/or Bruce Wolff's whereabouts and/or which otherwise memorialize in writing or record any events in their lives since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 17**

Produce all computers, cell phones and other electronic media identified in Interrogatory No. 10 for forensic inspection.

**RESPONSE:**

**REQUEST NO. 18**

All documents which pertain to or in any way relate to the services Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff have performed for Sirius Computer Solutions, Inc.

**RESPONSE:**

**REQUEST NO. 19**

All documents which pertain to or in any way relate to anything Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff did to help Sirius Computer Solutions, Inc. do (or attempt to do) business with or have (or attempt to have) a relationship with any current or former OnX/Agilysys employee, customer, vendor or supplier.

**RESPONSE:**

**REQUEST NO. 20**

All documents which pertain to or in any way relate to any current or former OnX/Agilysys employee, customer, vendor or supplier that has done business with or had a relationship with Sirius Computer Solutions, Inc. since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 21**

All documents which pertain to or in any way relate to any current or former OnX/Agilysys employee, customer, vendor or supplier that Sirius Computer Solutions, Inc. has had contact with, whether by mail, e-mail, telephone, in-person, or by other means, since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 22**

Phone bills/invoices for all phone numbers (including cell phone numbers) Louis Sciacchetano, Elizabeth Mekas, Terri Coolidge and/or Bruce Wolff used since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 23**

All documents which pertain to or in any way relate to monies/sums paid by or to Sirius Computer Solutions, Inc. by or to any current or former OnX/Agilysys employee, customer, vendor or supplier since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 24**

All documents which pertain to or in any way relate to *offers to pay* monies/sums by or to Sirius Computer Solutions, Inc. by or to any current or former OnX/Agilysys employee, customer, vendor or supplier since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 25**

Produce all documents reflecting or pertaining to Louis Sciacchetano's, Elizabeth Mekas', Terri Coolidge's and/or Bruce Wolff's (live, telephonic or electronic) business appointments, meetings, calendars or schedules since July 29, 2011.

**RESPONSE:**

**REQUEST NO. 26**

Produce Louis Sciacchetano's, Elizabeth Mekas', Terri Coolidge's and Bruce Wolff's employment files, including personnel files, disciplinary files, compensation files, managers' files and expense reports.

**RESPONSE:**

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _____

    Barry Y. Freeman (0062040)
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH  44114
Telephone: 216.621.5300
Facsimile: 216.621-5440
bfreeman@bdblaw.com

*Attorney for Plaintiff*




**EXTREMELY URGENT**  Please Rush To Addressee

PLEASE PRESS FIRMLY

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE

Legal Size Envelope
For Domestic and International Use

When used internationally
affix customs declarations
(PS Form 2976, or 2976A).



**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811