UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **OnX USA LLC, etc.,** | ) | CASE NO. 1:11CV2523 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **LOUIS SCIACCHETANO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #36) of Plaintiff, OnX USA LLC ("OnX"), for Leave to File First Amended Complaint.  For the reasons outlined in this Opinion, the Motion is granted.  Plaintiff shall file its amended pleading within seven days.  Defendants have twenty-one days after they have been served within which to plead, move or otherwise respond.

Defendant Sciacchetano's Motion (ECF DKT #4) to Dismiss for Lack of Personal Jurisdiction; Defendants' Motion (ECF DKT #5) to Change/Transfer Venue; and Plaintiff's Motion (ECF DKT #27) for Temporary Restraining Order and Preliminary Injunction are denied as moot, since all these motions were filed in relation to the original Complaint.

## I. INTRODUCTION

The Court scheduled oral arguments on Defendants' Motions to Dismiss and to Transfer Venue for May 10, 2012.  While preparing for the oral arguments, and after reviewing all the filed materials, the Court became concerned about Plaintiff's standing to sue, and thus, about its own subject matter jurisdiction.  Therefore, the Court held a conference on May 10, 2012 instead, and discussed the troubling issues.  In response to the Court's inquiries regarding standing and jurisdiction, Plaintiff suggested it could cure any defects by amending its Complaint.  The Court ordered Plaintiff to move for leave to amend, with the proposed pleading attached as an exhibit, by May 17, 2012.  Plaintiff complied in a timely manner, and the matter has been fully briefed.

## II. FACTUAL BACKGROUND

This action originated in Cuyahoga County Common Pleas Court, and was removed, on the basis of diversity jurisdiction, on November 21, 2011.  OnX brought suit against Sciacchetano and Sirius Computer Solutions, Inc., asserting claims for breach of contract; tortious interference with contracts/business relationships; misappropriation/conversion of trade secrets; accounting; unjust enrichment; unfair competition; and civil conspiracy.  OnX also sought injunctive relief to prevent Defendants from soliciting its customers, suppliers and employees; using its trade secrets to interfere with its business relationships; and engaging in unfair competition.

OnX further alleged that it is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Solon, Ohio.

Moreover, OnX recited: "OnX was formerly known as Agilysys Technology Solutions Group, LLC, and was a subsidiary of Agilysys, Inc.  OnX is the successor of the Technology Solutions Group business unit of Agilysys and all of its rights pertinent thereto."  (ECF DKT #1-1, Complaint at ¶ 1).

In 2004, Sciacchetano was hired by Agilysys, Inc. to work in its Technology Solutions Group ("TSG").  On July 12, 2004, Sciacchetano signed a Non-Disclosure Policy and Agreement with Agilysys, Inc.  (ECF DKT #1-1, Exhibit to Complaint).  This document does not include a non-compete/non-solicitation clause, nor does it provide that the employee is obligated to the employer's successors or assigns.

An Employment Agreement between Sciacchetano and Agilysys, Inc., bearing an effective date of September 20, 2010, is also attached to the Complaint.  *Id.*  The signature and date blocks are blank; but a page containing a purported photocopy of signatures is affixed to the end of the document.  This agreement contains a non-compete/non-solicitation covenant, an assignability clause, and an Ohio choice of law provision.

In August of 2011, Sciacchetano's employment was terminated.  On August 23, 2011, Sciacchetano accepted a position with Sirius.

In its proposed First Amended Complaint, OnX recites that its principal place of business is Mayfield Heights, Ohio; and alleges: "OnX was formerly known as Agilysys Technology Solutions Group, LLC ("TSG"), and was a subsidiary of Agilysys, Inc. *** On August 1, 2011, OnX officially changed its name from TSG to OnX USA LLC, by filing a Certificate of Amendment with the Delaware Secretary of State. [] OnX is the successor of the TSG business unit of Agilysys and all of its rights pertinent thereto."  (ECF DKT #36-1, at

¶ 1).

In its amendment, OnX seeks additionally to allege Sciacchetano's breach of an Employment Agreement with Agilysys, Inc., signed and dated June 6, 2006. (ECF DKT #40-4). This contract includes non-solicitation/non-compete and confidentiality clauses. At ¶ 11, it states:

> This agreement shall inure to the benefit of, and be binding upon and enforceable by Agilysys, and by its successors and assigns. This agreement may be assigned by Agilysys, without your consent, to a third party ("Assignee") in connection with the sale or transfer of all or substantially all of Agilysys' business, or any division or unit thereof, whether by way of sale of stock, sale of assets, merger or other transaction.

OnX also wishes to amend by adding reference to a Contribution Agreement, effective April 1, 2010, between Agilysys, Inc. and Agilysys TSG. By signing this agreement, Agilysys, Inc. ("Parent") transferred and assigned all of the assets owned and used in connection with the operation of the IBM/HP units [the division in which Sciacchetano worked ] to TSG, including all rights and obligations relating to employees, consultants, and independent contractors dedicated to the IBM/HP business. (ECF DKT #36-2, ¶ 1-H).

OnX's proposed pleading adds claims for tortious interference with OnX's non-competition agreement with Agilysys, Inc., and for violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

### III. LAW AND ANALYSIS

**Amending pleadings**

Fed.R.Civ.P. 15(a)(2) reads in part: "The court should freely give leave [to amend] when justice so requires."  However, this liberal amendment policy is not without limits.  The

Sixth Circuit has observed, "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). "A proposed amendment is futile if the amendment could not withstand a Fed.R.Civ.P. 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000).

Defendants do not argue that Plaintiff brought its motion to amend in an untimely manner, in bad faith, without notice, or after repeated failures to cure pleading deficiencies. In fact, the Court, by expressing its concerns to the parties, invited a motion to amend. Defendants do argue, however, that the proposed First Amended Complaint does not cure the standing defects and that the amended contract-based claims are futile.

Defendants contend that Sciacchetano and OnX did not have any viable employment agreements at the time of Sciacchetano's termination. Defendants also ask the Court to "give effect to the parties' intentions." (ECF DKT #39 at 4-8). In this regard, Defendants refer to various declarations filed within the parties' Motion to Dismiss briefing. In addition, Defendants ask the Court to consider the impact of merger and/or integration clauses, as well as the absence of explicit assignability provisions.

Unfortunately, the analysis suggested by Defendants requires consideration of matters outside the pleadings, and draws the Court beyond the bounds of inquiry required by a motion to amend. Rather, restricting itself to the allegations of the proposed amendment, and construing those allegations in favor of OnX, the Court determines that OnX has sufficiently alleged: A 2004 Non-Disclosure Policy and Agreement executed by Sciacchetano with

Agilysys, Inc.; A 2006 Employment Agreement between Sciacchetano and Agilysys, Inc., which inures to the benefit of Agilysys' successors and assigns; A 2010 Employment Agreement (with some contract construction issues) between Sciacchetano and Agilysys, Inc., which is enforceable by subsidiaries or successors and which is assignable; A 2010 Contribution Agreement, by which Agilysys, Inc. transferred any existing agreements concerning the IBM/HP division (where Sciacchetano worked) to Agilysys TSG; and the August 1, 2011 Certificate of Amendment from the Delaware Secretary of State, certifying that "Agilysys Technology Solutions Group, LLC" [TSG] changed its name to "OnX USA LLC."

On its face, the proposed First Amended Complaint is not so inadequate that it fails to make valid claims, particularly for breach of contract.  The amended allegations demonstrate that Plaintiff OnX USA LLC has standing to sue.  The Court's subject matter jurisdiction concerns have been satisfied; but this ruling is not to be construed as a determination of any other legal or factual issues between the parties.

## IV. CONCLUSION

Therefore, for these reasons, and pursuant to Fed.R.Civ.P. 15(a), the Motion (ECF DKT #36) of Plaintiff, OnX USA LLC, for Leave to File First Amended Complaint is GRANTED.  As ordered previously, Plaintiff shall file its First Amended Complaint within seven days, and Defendants shall plead, move or respond twenty-one days thereafter. Furthermore, Defendant Sciacchetano's Motion (ECF DKT #4) to Dismiss for Lack of Personal Jurisdiction; Defendants' Motion (ECF DKT #5) to Change/Transfer Venue; and Plaintiff's Motion (ECF DKT #27) for Temporary Restraining Order and Preliminary

Injunction are denied as moot, since all these motions were filed in relation to the original Complaint.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko<br>
**CHRISTOPHER A. BOYKO**<br>
**United States District Judge**

**DATED: June 14, 2012**