IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OnX USA LLC, fka Agilysys Technology Solutions Group, LLC, | Case No.: 1:11-CV-2523 |
| | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiff, | |
| | **FIRST AMENDED COMPLAINT** |
| vs. | **FOR PRELIMINARY AND** |
| | **PERMANENT INJUNCTIVE RELIEF** |
| Louis Sciacchetano, et al., | **AND DAMAGES** |
| Defendants. | (Jury Demand Endorsed Hereon) |

NOW COMES Plaintiff OnX USA LLC, fka Agilysys Technology Solutions Group, LLC ("OnX"), by and through its attorneys, and for its First Amended Complaint hereby avers, alleges and prays:

## PARTIES

1. OnX is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Mayfield Heights, Ohio. OnX is engaged in the business of designing, implementing and supporting information technology systems for corporate and public sector customers throughout the world, utilizing hardware and software sourced from other suppliers. OnX was formerly known as Agilysys Technology Solutions Group, LLC ("TSG"), and was a subsidiary of Agilysys, Inc. *See Certificate of*

*Amendment,* attached hereto. On August 1, 2011, OnX officially changed its name from TSG to OnX USA LLC, by filing a *Certificate of Amendment* with the Delaware Secretary of State. *Id.* OnX is the successor of the TSG business unit of Agilysys and all of its rights pertinent thereto.[1]

2. Upon information and belief, Defendant Sciacchetano is an individual domiciled in New Jersey. Sciacchetano was employed by OnX (when OnX was still known as TSG.) *See Sciacchetano's Separation Agreement and General Release,* p. 1; *August 25, 2011 Voss Letter,* both attached hereto. During his employment with OnX, Sciacchetano regularly transacted business with OnX headquarters in Solon, Ohio.

3. Upon information and belief, Defendant Sirius Computer Solutions, Inc. ("Sirius") is a Texas corporation, with its principal place of business in San Antonio, Texas. Sirius maintains an office in Ohio and it regularly transacts business in Ohio.

## THE DISPUTE

4. This is an action for: (1) Breach of contract; (2) tortious interference with contracts; (3) tortious interference with business relationships; (4) misappropriation/conversion of trade secrets; (5) an accounting; (6) unjust enrichment; (7) unfair competition; (8) civil conspiracy; and (9) fraud and related activity in connection with computers, in violation of 18 U.S.C. § 1030. This action also seeks injunctive relief to prevent Defendants from unlawfully and unfairly competing with OnX by: (1) directly or indirectly soliciting OnX's customers, suppliers and employees; (2) misappropriating OnX's trade secrets and other confidential, proprietary information and using that information to interfere with OnX's business relationships with its customers, suppliers and employees; and (3) engaging in other unlawful and unfair competition.

---

[1] Plaintiff will be referred to as "OnX" for events which occurred after OnX became a subsidiary of OnX Enterprise Solutions and for events which occurred when OnX was known as Agilysys Technology Solutions Group, LLC and was still a subsidiary of Agilysys, Inc.

5. OnX also seeks damages and attorneys' fees from Defendants for their wrongful and unlawful acts.

## FACTUAL ALLEGATIONS

6. OnX is engaged in the information technology business. It has developed an extensive and valuable reputation in the industry by providing valuable services to its customers and suppliers.

7. OnX's success is based in substantial part on confidential, proprietary information developed and used by OnX, as well as trade secrets not disclosed to the general public or to OnX's competitors. As an employee of OnX, Sciacchetano was provided with and had general access to confidential, proprietary information and trade secrets developed and used by OnX – including financial information, sales information, price lists, the identity of and lists of employees, customers, potential customers, suppliers, and potential suppliers; marketing strategy and research; technological and related information concerning products and services; quotes, sales orders, customer forecasts, memoranda, notes, records pertaining to customer orders; employee wage, compensation, benefits and/or pay plan information; marketing information and strategies; and other information regarding OnX's methods, processes, services, customers, employees, suppliers, operations and business – all of which Sciacchetano was advised were not intended for dissemination.

8. To prevent disclosure of its confidential, proprietary information and trade secrets to competitors and others outside OnX, OnX required employees in key sales positions to execute written agreements providing for the protection and continued confidentiality of OnX's information and trade secrets. In Sciacchetano's case, those requirements were set forth in agreements between him and OnX and/or agreements between Sciacchetano and Agilysys, Inc.,

which were assigned by Agilysys to OnX (fka TSG.) *See Contribution Agreement*, ¶1.H; *Witunski Decl.* ¶¶9-11, 19, 27 (attached without the exhibits thereto.)

9. On or about June 6, 2006, Sciacchetano signed a 2006 *Employment Agreement*, attached hereto. In September, 2010, Sciacchetano signed another (2010) *Employment Agreement*, attached hereto. (Collectively, the 2006 *Employment Agreement* and the 2010 *Employment Agreement* are referred to as the "*Employment Agreements*.") As part of his *Employment Agreements*, Sciacchetano specifically promised: (1) Not to disclose or use OnX's proprietary or confidential information at any time following his termination from OnX; (2) not to contest the confidential or proprietary nature of said information; (3) not to hire or solicit OnX's employees for one year after his termination; (4) not to hire or solicit <u>former</u> OnX employees for one year after his (or their) terminations, whichever is earlier; (5) not to call upon, solicit, divert or take away any of OnX's customers, business or prospective customers for one year after his termination; and (6) subject to payment of additional sums, not to work for a competitor of OnX for one year after his termination. *Employment Agreements* ¶¶7-8.

10. If Sciacchetano violates any of those promises, the *Employment Agreements* entitle OnX to specific enforcement and other injunctive relief. *Id.* ¶10.

11. By law, if Sciacchetano breaches the *Employment Agreements* and OnX is forced to obtain a court order for enforcement of the *Employment Agreements'* restrictive covenants, those restrictive covenants run from the date court enforcement begins.

12. Sciacchetano signed and agreed to the terms of the *Employment Agreements*.

13. The *Employment Agreements* are expressly assignable without Sciacchetano's consent. *Id.* ¶12(b). Furthermore, the *Employment Agreements* were assigned to OnX (fka TSG) by Agilysys, Inc., per ¶12(b) of those *Employment Agreements*. *Contribution Agreement*, ¶1.H.

4

14. The protections accorded OnX in the *Employment Agreements* are essential to OnX's ability to successfully conduct its business. Absent those protections, former employees like Sciacchetano will be able to successfully raid OnX's customers, suppliers and employees and irreparably damage OnX.

15. Sciacchetano also signed and agreed to OnX's *Non-Disclosure Policy and Agreement*, attached hereto. As part of that *Non-Disclosure Policy and Agreement*, Sciacchetano specifically promised: (1) Not to disclose or use OnX's proprietary or confidential information at any time following his termination from OnX; (2) not to disclose or use OnX's wage/compensation information, business contacts/relationships, personnel information, recruting information, employee benefit information or similar employee data to hire or solicit OnX's employees or former employees; and (3) not to disclose or use OnX's customer lists and data, business contacts/relationships, supplier information, quotes and pricing information, forecasts, or financial information to solicit or obtain business relationships with OnX's customers, suppliers or potential customers/suppliers. *Id.* pp. 1-2.

16. If Sciacchetano violates any of those promises, the *Non-Disclosure Policy and Agreement* entitles OnX to specific enforcement and other injunctive relief. *Id.* p. 3.

17. The *Non-Disclosure Policy and Agreement* is assignable without Sciacchetano's consent and was assigned to OnX (fka TSG) by Agilysys, Inc. *Contribution Agreement,* ¶¶1.H, 4.

18. The protections accorded OnX in the *Non-Disclosure Policy and Agreement* are essential to OnX's ability to successfully conduct its business. Absent those protections, former employees like Sciacchetano will be able to successfully raid OnX's customers, suppliers and employees and irreparably damage OnX.

19. In August 2011, Sciacchetano's employment with OnX was terminated. *Sciacchetano's Separation Agreement and General Release,* p. 1; *August 25, 2011 Voss Letter*; *Witunski Decl.* ¶¶9-11, 19, 27 Despite Sciacchetano's *Employment Agreements* and *Non-Disclosure Policy and Agreement*, Sciacchetano has subsequently violated his obligations under those agreements. In particular, Sciacchetano has solicited and recruited OnX employees – including, but not limited to, Elizabeth Mekas, Terri Coolidge, Bruce Wolff, John Doyle, Matt Wolanski, Michael Wisely, Alex Kovtun, David Peterson, Valerie Bero, Ken Hammer, Michael Schroll, Brian Penkowski, Mike Linn, Richard Dellario and Todd Osborne – on behalf of Defendant Sirius Computer Solutions, Inc., OnX's direct competitor. Sciacchetano has also solicitied OnX's customers and suppliers – including MSC Industrial Direct – on behalf of Defendant Sirius, OnX's direct competitor. Sciacchetano even solicited Agilysys, Inc. to compete against OnX – in direct violation of Agilysys' agreement not to compete with OnX in the TSG arena. Sciacchetano has used OnX's confidential, proprietary information and trade secrets in solciting and recruiting OnX's employees and in soliciting OnX's customers and suppliers. All of Sciacchetano's described actions have been done in knowing violation of Sciacchetano's agreements.

20. Since August 2011, Defendants have been illegally directing emails from OnX to Sciacchetano's personal email account (lschack55@yahoo.com) and intercepting emails sent to Sciacchetano's former TSG email account and directing them to Sciacchetano's personal and Sirius email accounts.

## CHOICE OF LAW

21. The *Employment Agreements* include an Ohio choice of law provision (¶13): "This agreement is governed by and is to be construed and enforced in accordance with the internal laws of the State of Ohio, without giving effect to principles of conflicts of law."

22. The *Non-Disclosure Policy and Agreement* does not include an Ohio choice of law provision, but it was created, drafted, negotiated and retained in Ohio. It was a uniform agreement between OnX and its employees across the United States. Accordingly, Ohio law controls the *Non-Disclosure Policy and Agreement*.

23. OnX is a Delaware limited liability company with its principal place of business located in Mayfield Heights, Ohio. OnX was formerly known as Agilysys Technology Solutions Group, LLC ("TSG"), and was a subsidiary of Agilysys, Inc. *Contribution Agreement; Certificate of Amendment.* Agilysys, Inc. is an Ohio corporation. Accordingly, Ohio has a reasonable relationship with Sciacchetano's employment with Plaintiff and with his agreements.

## COUNT ONE
## BREACH OF CONTRACT (AGAINST SCIACCHETANO ONLY)

24. OnX incorporates by reference the allegations in Paragraphs 1 through 23 of its Complaint as if fully rewritten herein.

25. The restrictive covenants in Sciacchetano's agreements are necessary to protect OnX's legitimate business interests – most notably, OnX's relationships with its customers, suppliers and employees and its confidential, proprietary information and trade secrets.

26. Sciacchetano's actions described above constitute intentional, direct and material breaches of his agreements. *See Employment Agreements* at ¶¶7-8; *Non-Disclosure Policy and Agreement* at pp. 1-2.

27. Pursuant to Ohio law, the above violations constitute irreparable injuries to OnX.

28. OnX will suffer substantial monetary losses, as well as loss of goodwill, if Sciacchetano is permitted to continue to breach his agreements.

29. OnX has no adequate remedy at law with respect to Sciacchetano's violations of the agreements. Unless the Court enjoins Sciacchetano from continuing to violate his agreements, OnX will be irreparably injured.

30. Sciacchetano's violation of the agreements has and/or will damage OnX in an amount in excess of $10 million, to be fully determined at trial.

## COUNT TWO
## TORTIOUS INTERFERENCE WITH CONTRACTS (AGAINST SIRIUS ONLY)

31. OnX incorporates by reference the allegations in Paragraphs 1 through 30 of its Complaint as if fully rewritten herein.

32. The *Employment Agreements* and *Non-Disclosure Policy and Agreement* are contracts between Sciacchetano and OnX (or its predecessor.)

33. Sirius was (and is) aware of those contracts between Sciacchetano and OnX.

34. Upon information and belief, despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, intentionally hired Sciacchetano for a position with Sirius and continues to employ him – intentionally procuring breach of the *Employment Agreements*.

35. Upon information and belief, despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, intentionally had Sciacchetano solicit and recruit OnX employees to work for Sirius – including, but not limited to, Elizabeth Mekas, Terri Coolidge, Bruce Wolff, John Doyle, Matt Wolanski, Michael Wisely, Alex Kovtun, David Peterson, Valerie Bero, Ken Hammer, Michael Schroll, Brian Penkowski, Mike Linn, Richard Dellario and Todd Osborne – intentionally procuring breach of the *Employment Agreements*.

8

36. Upon information and belief, despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, intentionally had Sciacchetano solicit OnX's customers and suppliers – intentionally procuring breach of the *Employment Agreements*.

37. Despite its knowledge of those contracts between Sciacchetano and OnX, Sirius, a direct competitor of OnX, allowed Sciacchetano to use OnX's confidential, proprietary information and trade secrets to solcit and recruit OnX's employees and to solicit OnX's customers and suppliers – intentionally procuring breach of the *Employment Agreements* and *Non-Disclosure Policy and Agreement*.

38. Sirius lacks any legally-protected justification for its actions.

39. OnX has no adequate remedy at law with respect to Sirius's tortious interference. Unless the Court grants injunctive relief, OnX will be irreparably injured.

40. As a result of Sirius's willful, malicious, tortious and wrongful actions, OnX has (and will continue to be) damaged by Sirius' conduct, in an amount in excess of $10 million, to be fully determined at trial.

## COUNT THREE
## TORTIOUS INTERFERENCE WITH CONTRACTS AND BUSINESS RELATIONSHIPS (AGAINST BOTH DEFENDANTS)

41. OnX incorporates by reference the allegations in Paragraphs 1 through 40 of its Complaint as if fully rewritten herein.

42. OnX has contracts and/or business relationships with its employees, its customers, its suppliers and Agilysys, Inc. Defendants are aware of those contracts and business relationships.

43. Defendants have intentionally interfered with the aforementioned relationships by soliciting, recruiting, encouraging and/or attempting to assist OnX's employees, customers and

suppliers to terminate their business relationships and/or contracts with OnX and to enable and assist Defendants (and Agilysys, Inc.) in competing against OnX.

44. Defendants had knowledge of the existence of those business relationships and/or contracts with OnX, and they had no privilege or justification to interfere with those relationships and/or contracts.

45. OnX has no adequate remedy at law with respect to Defendants' tortious interference. Unless the Court grants injunctive relief, OnX will be irreparably injured.

46. As a result of Defendants' willful, malicious, tortious and wrongful actions, OnX has (and will continue to be) damaged by Defendants' conduct, in an amount in excess of $10 million, to be fully determined at trial.

## COUNT FOUR
## MISAPPROPRIATION/CONVERSION OF TRADE SECRETS (AGAINST BOTH DEFENDANTS)

47. OnX incorporates by reference the allegations in Paragraphs 1 through 46 of its Complaint as if fully rewritten herein.

48. Defendants have misappropriated and converted OnX's confidential, proprietary information and trade secrets, to their benefit and to OnX's detriment. Defendants' actions were willful and malicious.

49. OnX's confidential, proprietary information and trade secrets are of distinct financial and strategic importance to OnX, have independent economic value from not being generally known, are not known to third parties, and are the subject of reasonable efforts to maintain their confidentiality.

50. Defendants actions described above constitute misappropriation and conversion of OnX's confidential, proprietary information and trade secrets – in violation of the agreements and/or Ohio's Uniform Trade Secrets Act, R.C. §1333.61 *et. seq.*

51. As a result of Defendants' misappropriation and conversion of confidential, proprietary information and trade secrets, OnX will suffer substantial monetary losses as well as the loss of market share, loss of competitive advantage in the marketplace, and loss of goodwill.

52. OnX has no adequate remedy at law with respect to Defendants' actions and unless this Court enjoins Defendants from continuing to utilize OnX's confidential, proprietary information and trade secrets, OnX will be irreparably injured.

53. OnX has been damaged by Defendants' conversion and misappropriation of confidential information, proprietary information and trade secrets, in an amount in excess of $10 million, to be fully determined at trial.

## COUNT FIVE
## ACCOUNTING (AGAINST BOTH DEFENDANTS)

54. OnX incorporates by reference the allegations in Paragraphs 1 through 53 of its Complaint as if fully rewritten herein.

55. OnX lacks an adequate remedy at law for Defendants' conspiracy to breach the agreements and to misappropriate OnX's confidential, proprietary information and trade secrets. OnX cannot know the extent of its injuries without an accounting of Defendants' earnings and income.

56. For this reason, OnX requests this Court order Defendants to account for all earnings made through Sciacchetano's direct or indirect efforts to date, for both Sciacchetano's benefit and Sirius's benefit.

## COUNT SIX
## UNJUST ENRICHMENT (AGAINST BOTH DEFENDANTS)

57. OnX incorporates by reference the allegations in Paragraphs 1 through 56 of its Complaint as if fully rewritten herein.

58. Defendants have utilized OnX's confidential, proprietary information and trade secrets to their benefit and OnX's detriment. They have also converted OnX's business opportunities. Defendants' actions in wrongfully obtaining and retaining these benefits violates fundamental principles of justice, equity and good conscience. Defendants' actions were willful and malicious.

59. Defendants' actions described above constitute actionable unjust enrichment.

60. As a result of Defendants' unjust enrichment, OnX will suffer substantial monetary losses and Defendants will earn profits to which they are not entitled.

61. OnX has been damaged by Defendants, and Defendants have been unjustly enriched in an amount in excess of $10 million, to be fully determined at trial.

## COUNT SEVEN
## UNFAIR COMPETITION (AGAINST BOTH DEFENDANTS)

62. OnX incorporates by reference the allegations in Paragraphs 1 through 61 of its Complaint as if fully rewritten herein.

63. Defendants' conduct (described above) constitutes unfair competition. Defendants' actions were willful and malicious.

64. As a result of Defendants' unfair competition, OnX will suffer substantial monetary losses and Defendants will earn profits to which they are not entitled.

65. OnX has no adequate remedy at law with respect to Defendants' unfair competition. Unless the Court grants injunctive relief, OnX will be irreparably injured.

66. Because of Defendants' unfair competition, OnX has been damaged in an amount in excess of $10 million, to be fully determined at trial.

## COUNT EIGHT
## CIVIL CONSPIRACY (AGAINST BOTH DEFENDANTS)

67. OnX incorporates by reference the allegations in Paragraphs 1 through 66 of its Complaint as if fully rewritten herein.

68. Defendants' conduct (described above) constituted a knowing, voluntary, willful and malicious combination of two or more persons to injure OnX in person or property, in a way not competent for either Defendant to achieve alone.

69. OnX has no adequate remedy at law with respect to Defendants' civil conspiracy. Unless the Court grants injunctive relief, OnX will be irreparably injured.

70. Defendants' malicious combination resulted in actual damages to OnX in an amount in excess of $10 million, to be fully determined at trial.

## COUNT NINE
## FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS, 18 U.S.C. § 1030 (AGAINST BOTH DEFENDANTS)

71. OnX incorporates by reference the allegations in Paragraphs 1 through 70 of its Complaint as if fully rewritten herein.

72. OnX is a "person" for purposes of 18 U.S.C. § 1030(e)(12), as OnX is a limited liability company.

73. OnX's and TSG's computers and computer networks, accessed by Defendants, were "protected computers" for purposes of 18 U.S.C. § 1030(e)(1)-(2)(B), as they were used in and affect interstate commerce and communication.

74. By engaging in the conduct described herein, Defendants intentionally accessed a protected computer in a manner which exceeded their authorized access, and thereby obtained OnX's trade secrets and business information, in violation of 18 U.S.C. § 1030(a)(2)(C).

75. By engaging in the conduct described herein, Defendants knowingly and with an intent to defraud, accessed a protected computer in a manner which exceeded their authorized access, and by means of such conduct, furthered their intended fraud and wrongfully obtained OnX's valuable trade secrets and business information in violation of 18 U.S.C. § 1030(a)(4).

76. By engaging in the conduct described herein, Defendants intentionally accessed a protected computer without authorization and, as a result of such conduct, recklessly caused damage in violation of 18 U.S.C. § 1030(a)(5)(B).

77. By engaging in the conduct described herein, Defendants intentionally accessed a protected computer without authorization and, as a result of such conduct, caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

78. By engaging in the conduct described herein in violation of 18 U.S.C. § 1030(a), Defendants caused loss to OnX during a one-year period aggregating to more than $5000 in value.

79. OnX suffered damage and loss by reason of Defendants' violation of 18 U.S.C. § 1030.

80. This action has been commenced within two years of the dates of the acts complained of and within two years of the date of the discovery of the damage.

WHEREFORE, OnX prays:

1. That an injunction be issued against the Defendants.

2. That Defendants, for a period of one year from the date of judgment, be restrained and enjoined from soliciting, recruiting or employing OnX's current or former employees or soliciting OnX's customers and suppliers through any direct or indirect efforts of Sciacchetano.

3. That Defendants, for a period of one year from the date of judgment, be restrained and enjoined from employing current or former OnX employees that were solicited, recruited and/or hired in violation of Sciacchetano's restrictive covenants.

4. That Defendants be restrained and enjoined from soliciting Agilysys, Inc. to compete with OnX in the TSG arena.

5. That for a period of one year from the date of judgment, Sciacchetano be enjoined from working (as an employee, independent contractor or in any other capacity) for a competitor of OnX – including Sirius – and that Sirius be enjoined from employing Sciacchetano as an employee, independent contractor or in any other capacity.

6. That Defendants be restrained and enjoined from divulging, disclosing or communicating to any other person, firm, corporation or business entity (other than OnX), OnX's confidential, proprietary information and trade secrets.

7. That Defendants be ordered to abide by all other terms of the agreements between OnX/Agilysys and Sciacchetano, and any similar agreements between OnX/Agilysys and OnX's current or former employees.

8. That the Court award damages against Defendants for income and profits OnX has lost and may lose in the future as a result of Defendants' misconduct, including damages for OnX's loss of income/profit, loss of market share, loss of goodwill, and increased recruiting/employment costs, in an amount in excess of $10 million, to be fully determined at trial.

9. That the Court award OnX all other damages Defendants caused OnX to suffer in an amount in excess of $10 million, to be fully determined at trial.

10. That the Court order an accounting of Defendants' earnings and income.

11. That the Court order Defendants to disgorge any profits, earnings or revenues which properly belong to OnX.

12. That the Court award OnX such other and further relief as it deems just and proper, including but not limited to punitive damages and attorneys' fees.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Barry Y. Freeman*
    Barry Y. Freeman (0062040)
    Michael J. Matasich (0078333)
    One Cleveland Center
    1375 East Ninth Street, Suite 1700
    Cleveland, OH 44114
    Telephone: 216.621.5300
    Facsimile: 216.621-5440
    bfreeman@bdblaw.com
    mmatasich@bdblaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

OnX demands a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: /s/ Barry Y. Freeman
　　Barry Y. Freeman (0062040)
　　Michael J. Matasich (0078333)
　　One Cleveland Center
　　1375 East Ninth Street, Suite 1700
　　Cleveland, OH 44114
　　Telephone: 216.621.5300
　　Facsimile: 216.621-5440
　　bfreeman@bdblaw.com
　　mmatasich@bdblaw.com

*Attorneys for Plaintiff*

«CL2:392556_v1»

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2012, a copy of the foregoing *First Amended Complaint* was served via the Court's electronic filing system upon the following:

Tyler L. Mathews
George J. Asimou
McDonald Hopkins, LLC
600 Superior Avenue, Suite 2100
Cleveland, OH 44114
tmathews@mcdonaldhopkins.com
gasimou@mcdonaldhopkins.com

    and

Donna K. McElroy
Michael T. Lennane
Cox Smith Matthews Inc.
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
dkm@coxsmith.com
mlennane@coxsmith.com

*Attorneys for Defendants*

                                         */s/ Barry Y. Freeman*
                                         Barry Y. Freeman (0062040)