UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OnX USA LLC, etc., ) | CASE NO. 1:11CV2523 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| LOUIS SCIACCHETANO, et al., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendant Sciacchetano's Motion to Dismiss (ECF DKT #47) for Lack of Personal Jurisdiction. For the following reasons, Defendant's Motion to Dismiss is denied, as the exercise of personal jurisdiction over Defendant is proper in this Court.

**I. Facts**

Defendant Sciacchetano is, and has been at all relevant times, a citizen and resident of the State of New Jersey. OnX is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Mayfield Heights, Ohio. OnX was formerly known as Agilysys Technology Solutions Group, LLC ("TSG"), and was a subsidiary of Agilysys, Inc. On August 1, 2011, OnX officially changed its name from TSG to OnX USA, LLC, and is the successor of the TSG business unit of Agilysys and all of its rights pertinent

thereto.[1]  Defendant Sirius Computer Solutions, Inc. ("Sirius") is a Texas Corporation, with its principal place of business in San Antonio, Texas.  Sirius maintains an office in Ohio, and it regularly transacts business in Ohio.

### A. Job Related Contacts with Ohio

Sciacchetano was hired by OnX in 2004 as a Vice President of Sales.  At all times during his employment, Sciacchetano performed his job duties mainly from New Jersey and traveled to OnX's headquarters in Solon, Ohio approximately once per quarter in connection with his position.  While working in New Jersey, Sciacchetano dealt with many Ohio-based OnX employees, including his inside sales team, business operations team, legal team, accounting team and his own assistant, whom he personally supervised and dealt with daily.  When he contacted these team members, Sciacchetano called phones located in Ohio.  Sciacchetano directed customer invoices, payments and pricing quotes to Ohio, and his pay, benefits, expense reimbursements and equipment requests (computer, cell phone, etc.) were all handled and processed in Ohio.  Finally, Sciacchetano utilized OnX's Ohio databases to send and obtain information to perform his job.

### B. Employment Contracts

To prevent disclosure of its confidential, proprietary information and trade secrets, OnX required employees in key sales positions to execute written agreements providing for the protection and confidentiality of OnX's trade secrets.  Sciacchetano signed Employment Agreements in 2004 and 2006, and was presented with a third agreement in 2010.  Sciacchetano

---

[1] Plaintiff will be referred to as "OnX" for events occurring both before and after Agilysys Technology Solutions Group, LLC became OnX.

attempted to negotiate the terms of the 2010 Agreement, and the parties dispute whether, if or when the 2010 Agreement was signed.  (Pl. First Am. Compl. ¶ 9; Def. Mot. in Supp. of Def.'s Mot. to Dismiss 4).  In August, 2011, OnX terminated Sciacchetano and they entered into a Separation Agreement and General Release ("Separation Agreement").  Shortly thereafter, Sciacchetano accepted employment with Sirius, OnX's direct competitor.

### C. Post-Employment Conduct

In the First Amended Complaint, Plaintiff alleges that Sciacchetano violated his obligations under the Agreements by soliciting OnX employees, customers and suppliers on behalf of Sirius.  Plaintiff further alleges that Defendants intercepted and directed emails from OnX to Sciacchetano's personal email account.  As a result of this conduct, Plaintiff filed the instant suit for Breach of Contract, Tortious Interference with Contracts, Misappropriation/Conversion of Trade Secrets, Accounting, Unjust Enrichment, Unfair Competition, Civil Conspiracy, and Fraud under 18 U.S.C. § 1030.

## II.  Law and Analysis

Sciacchetano has moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(2), arguing that his contacts with Ohio are insufficient to confer upon this Court personal jurisdiction under Ohio's long arm statute and the Due Process Clause of the United States Constitution.

### A. Legal Standard

When a court approaches a motion to dismiss for lack of personal jurisdiction based solely on written materials and affidavits, "the burden on the plaintiff is relatively slight, [ ... ] and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order

to defeat dismissal [ ] [ ... ]." *Ampco System Parking v. Imperial Parking Canada Corp.*, No. 1:11CV1172, 2012WL1066784, at *2 (N.D.Ohio Mar.28, 2012) (quoting *Air Prods. & Controls, Inc., v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir.2007). Plaintiff need only establish jurisdictional claims with "reasonable particularity" and the pleadings and affidavits are construed in the light most favorable to plaintiff. *Id.* The burden is on the plaintiff, however, to establish that jurisdiction exists, and the plaintiff may not merely stand on his pleadings in the face of a properly supported motion for dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991). The plaintiff must set forth specific facts showing that the court has jurisdiction. *Id.* Therefore, dismissal is proper only if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996).

### B. Personal Jurisdiction

It is axiomatic that this Court "must apply the law of the forum state to determine whether it may exercise jurisdiction over a non-resident defendant." *ALTA Analytics, Inc. v. Muuss*, 75 F. Supp. 2d 773, 777 (S.D. Ohio 1999) (citing *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir.1988)). If jurisdiction is proper under the Ohio long arm statute, the Court must then apply the limits of the Constitutional Due Process Clause in determining whether personal jurisdiction exists over a defendant. *Id.*

1. Ohio's Long Arm Statute

The pertinent section of the Ohio long-arm statute reads: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." R.C. § 2307.382(A). Courts within the

Sixth Circuit have held that " '[t]ransacting business' subsumes the narrower act of contracting." *Stern's Dept's Stores, Inc. v. Herbert Mines Assoc.*, No. C–1–98–844, 1999 WL 33471990, at *5 (S.D. Ohio July 8, 1999) (citations omitted) (quoting *Douglas v. Modern Aero, Inc.*, 954 F.Supp. 1206, 1210 (N.D. Ohio 1997)). The Ohio Supreme Court has likewise held that transacting business "encompasses 'to carry on business,' and 'to have dealings,' and is broader ... than the word 'contract.' " *Goldstein v. Christiansen*, 638 N.E.2d 541, 544 (Ohio 2012). Thus, the act of contracting can qualify as transacting business under Ohio's long-arm statute. *ALTA Analytics, Inc. v. Muuss*, 75 F. Supp. 2d 773, 779 (S.D. Ohio 1999). However, the Court must consider not only the act of contracting itself, but also: (1) whether the contract represents "transacting business" under the Ohio Revised Code, meaning that the necessary nexus exists between Defendant's business dealings in Ohio and the matters at issue in this case; and (2) whether the cause of action arises from the contract. *Id.*

Plaintiff contends that Sciacchetano's contacts with Ohio are sufficient to confer jurisdiction under Ohio's long arm statute because his contractual employment relationship satisfies the transacting business standard. Defendant does not directly address whether Ohio's long arm statute confers jurisdiction, however, this Court finds it does. Sciacchetano entered into employment Agreements with OnX, an Ohio corporation. These Agreements are the basis for OnX's claims, therefore, a clear nexus exists between Sciacchetano's dealings with Ohio and the matters at issue in this case. Moreover, Sciacchetano's alleged breach of the Agreements gives rise to OnX's causes of action. The Sixth Circuit has held that "if the cause of action is for breach of that contract [with an Ohio resident] ... then the cause of action naturally arises from the defendant's activities in Ohio." *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir.1998).

Sciacchetano established a significant on-going contractual relationship with OnX in Ohio, and the causes of action in this case arose from his alleged breach of that relationship. Thus, the Court finds that Sciacchetano has made a prima facie showing and that his activities in Ohio rise to the level of "transacting business" under Ohio's long arm statute. Therefore, he is properly subject to the personal jurisdiction of this Court.

2. Due Process

If jurisdiction is proper under Ohio's long arm statute, the Court must next determine whether Sciacchetano's contacts with Ohio were sufficient under the Fourteenth Amendment Due Process Clause to allow the Court to exercise jurisdiction. In order for personal jurisdiction to comply with due process, Defendants must have "minimum contacts" with the forum state "so that the maintenance of the action does not offend 'traditional notions of fair play and substantial justice.'" *Citizens Bank v. Parnes*, 376 F. App'x 496, 502 (6th Cir. 2010). "Minimum contacts exist where a defendant's conduct and connection with the forum state are such that he would reasonably anticipate being haled into court there." *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two types of personal jurisdiction: 1) general jurisdiction, which requires "a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant," and 2) specific jurisdiction, "which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 149 (6th Cir.1997). OnX concedes that general jurisdiction is proper in this case, but disputes that the Court has specific personal

jurisdiction.

The Sixth Circuit has articulated a three-part test for determining whether the exercise of specific personal jurisdiction comports with due process:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Kerry Steel*, 106 F.3d at 150 (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968)).

Sciacchetano asserts that jurisdiction cannot be based on contacts with Ohio that occurred only by virtue of his acts as an employee of an Ohio corporation.  While the Second Circuit has adopted this approach, the Sixth Circuit has found that "the mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants." *Compare Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir. 1981) (recognizing that "if an individual has contact with a particular state only by virtue of his acts as a fiduciary of the corporation, he may be shielded from the exercise, by that state, of jurisdiction over him personally on the basis of that conduct"), *with Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000) (considering *Miller* and finding dismissal improper based merely on the fact that defendants acted as agents for the corporation).  Thus, the Court will determine whether the exercise of jurisdiction is proper notwithstanding Sciacchetano's employment status.

The purposeful availment requirement ensures that a defendant will not be haled into a

jurisdiction solely as a result of "random, fortuitous, or attenuated contacts." *MMK Group, LLC v. SheShells Co., LLC*, 591 F.Supp.2d 944, 956 (N.D. Ohio 2008).  Sciacchetano argues that his contacts with Ohio were the result of OnX's unilateral decision to locate its headquarters in Ohio, resulting in the "random, fortuitous and attenuated" contacts that are insufficient to confer jurisdiction.  He relies on *Kerry Steel*, for the proposition that contracting with a corporation is insufficient, in itself, to establish personal availment.  In *Kerry*, the Sixth Circuit found personal jurisdiction improper when defendant's only contact with the forum state was a result of the plaintiff's decision to locate their headquarters there.  *Id*.  *Kerry* is distinguishable from the present case, however, because the contract at issue was an "isolated transaction" and did not create an ongoing relationship between the parties.  Furthermore, the defendant in *Kerry* had no contacts with the forum state aside from a single contractual transaction which gave rise to the lawsuit.

In the present case, the contracts and relationship between Sciacchetano and OnX were ongoing - spanning several years - and Sciacchetano's additional contacts with Ohio are substantial:  he traveled to Ohio for business, he supervised employees located in Ohio, he spoke with colleagues in Ohio, and his pay and benefits were handled and processed in Ohio.  Sciacchetano's contacts with Ohio far surpass those discussed in *Kerry*.

Sciacchetano also relies on *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000) in asserting that an employment relationship alone does not rise to the level of purposeful availment.  In *Calphalon*, the Sixth Circuit found that personal jurisdiction did not exist over a non-resident defendant who represented the plaintiff outside the forum state for approximately 18 years.  *Id*.  Though the defendant corresponded with the plaintiff via telephone, fax and mail, and


visited Ohio for company related functions, the Court found no personal availment because defendant's actions did not "create continuous and substantial consequences [in the forum state]." *Id.*

The instant case can be distinguished from *Calphalon* as Sciacchetano reached in to Ohio by contacting, targeting and soliciting Ohio-based OnX employees and reaching into Ohio-based data systems to forward data to his personal email address.  These contacts could undoubtedly create substantial consequences within Ohio, and therefore, reliance on *Calphalon* is misplaced.

Finally, Sciacchetano relies on *Weiskopf Ind. Corp. v. Hidden Valley Towel, Inc.*, No. 67436,1994 WL 716342 (Ohio Ct. App. Dec. 22, 1994) in asserting that the relationship with OnX is insufficient to confer jurisdiction in Ohio.  In *Weiskopf*, the court found jurisdiction was improper in Ohio where defendants executed an employment contract with an Ohio company but acted upon it in Illinois.  *Id.* at *2.  Though defendants traveled to meetings at plaintiff's Ohio headquarters, the court found it dispositive that the defendants did not cause any injury in Ohio. In the present case, Sciacchetano's alleged conduct could clearly cause injury in Ohio:  namely reaching into the state to solicit OnX employees and forwarding confidential email from OnX's Ohio data systems.

This Court finds it dispositive that, in addition to entering into ongoing Employment Agreements with an Ohio corporation, working with and supervising Ohio employees, and traveling to Ohio, Sciacchetano purposely reached into Ohio, allegedly violating the terms of the Employment Agreements.  In *The RightThing, LLC v. Brown*, No. 3:09-CV-135, 2009 WL 249694, at *5 (N.D. Ohio Feb. 2, 2009), this Court found purposeful availment satisfied when a non-resident employee removed files that allegedly contained trade secrets from an Ohio-based

database. *Id.* In doing so, the Court found she "reached the State of Ohio through her computer wires." *Id.* In this case, Sciacchetano's contacts with Ohio are bountiful. In addition to reaching Ohio through his computer wires, he engaged in an ongoing relationship with an Ohio corporation during which he personally supervised Ohio-based employees.

Furthermore, courts generally will find the personal availment element met when an employee enters into an employment agreement with a forum state corporation and has some additional contact with that state. In *Int'l Paper Co. v. Goldschmidt*, No. 1:11-CV-910, 2012 WL 1902557, at *5 (S.D. Ohio May, 25, 2012), the Court found personal availment satisfied when a California employee entered into an employment contract with an Ohio corporation and frequently communicated with Ohio-based employees, received confidential and trade secret information from Ohio, utilized an Ohio-based database system, and visited Ohio for two business meetings. The Court also notes that the Agreements between Sciacchetano and OnX included Ohio choice of law clauses, which, though not dispositive, also weigh in favor of jurisdiction in Ohio. Consequently, the Court finds the purposeful availment prong satisfied.

Under the second prong, where "a defendant's contacts with the forum state are related to the operative facts of the controversy, the action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). Sciacchetano argues that the arising from requirement is not satisfied here because the alleged breaches occurred outside Ohio. The Court disagrees. Sciacchetano's alleged contacts with Ohio, namely reaching into Ohio to contact OnX employees and retrieving files from OnX's data system, are directly related to OnX's Claims.

Finally, OnX must demonstrate that Sciacchetano, or the consequences of his alleged

actions, "must have a substantial enough connection with [Ohio] to make the exercise of jurisdiction over the defendant reasonable." *Kerry Steel*, 106 F.3d at 150. According to Sixth Circuit precedent, "where the first two prongs are satisfied, only the unusual case will not meet this third criterion." *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 628 (6th Cir. 1998). To determine reasonableness, the Court must balance three factors: "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Fortis Corporate Ins. v. Viken Ship Mgmt.,* 450 F.3d 214, 223 (6th Cir. 2006) (internal citations omitted). Here, there is little question that defending himself in Ohio imposes a burden on Sciacchetano. However, Ohio has a strong interest in ensuring the enforcement of its laws. And as for OnX, it undoubtedly has an interest in protecting its trade secrets and maintaining its customers and employees. The Court finds this is not a rare instance where Defendant's contacts with Ohio are so minimal that such burden outweighs the interests of Ohio. Based on all of the foregoing, Sciacchetano's Motion to Dismiss for Lack of Personal Jurisdiction is denied.

    **IT IS SO ORDERED.**

                                                                        s/ Christopher A. Boyko
                                                                        **CHRISTOPHER A. BOYKO**
                                                                        **United States District Judge**

**Dated: December 19, 2012**