# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| OnX USA LLC, etc., | ) | CASE NO. 1:11CV2523 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| LOUIS SCIACCHETANO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Renewed Motion (ECF DKT #45) of

Plaintiff, OnX USA LLC, f/k/a Agilysys Technology Solutions Group, LLC ("Plaintiff" or

"OnX"), for Temporary Restraining Order and Preliminary Injunction.  In a related matter,

Plaintiff has filed a Motion (ECF DKT #53) to Strike Defendants' Untimely and Unlawfully-

Filed Response in Opposition.  For the following reasons, the Motion to Strike is GRANTED

and the Renewed Motion for Injunctive Relief is DENIED.

## I. FACTUAL BACKGROUND

Defendant Sciacchetano is, and has been at all relevant times, a citizen and resident of

the State of New Jersey.  OnX is a limited liability company organized and existing under the

laws of the State of Delaware, with its principal place of business in Mayfield Heights, Ohio. OnX was formerly known as Agilysys Technology Solutions Group, LLC ("TSG"), and was a subsidiary of Agilysys, Inc.  On August 1, 2011, OnX officially changed its name from TSG to OnX USA, LLC, and is the successor of the TSG business unit of Agilysys and all of its rights pertinent thereto.[1]  Defendant Sirius Computer Solutions, Inc. ("Sirius") is a Texas corporation, with its principal place of business in San Antonio, Texas.  Sirius maintains an office in Ohio, and regularly transacts business in Ohio.

Sciacchetano was hired by OnX in 2004 as a Vice President of Sales.  Sciacchetano was presented with a Non-Disclosure Policy and Agreement in 2004, which he signed.  He also signed an Employment Agreement with Agilysys in 2006.  Agilysys offered another Employment Agreement to Sciacchetano in September of 2010.  He attempted to negotiate the terms of the 2010 Agreement; and the parties dispute if, or when, the 2010 Agreement was signed.  OnX terminated Sciacchetano, effective August 1, 2011.  Sciacchetano alleges that he was unwilling to agree to any post-employment non-solicitation covenants; so, he signed a Separation Agreement only after crossing out the covenant designated as Section 15. Sciacchetano accepted employment with Sirius on or about August 23, 2011.

OnX filed suit against Sciacchetano and Sirius in Cuyahoga County Common Pleas Court.  Defendants removed the action on November 21, 2011.  OnX filed its First Amended Complaint, with leave of Court, on June 15, 2012, alleging Breach of Contract; Tortious Interference with Contracts; Misappropriation/Conversion of Trade Secrets; Accounting;

---

[1]     Plaintiff will be referred to as "OnX" for events occurring both before and after Agilysys Technology Solutions Group, LLC became OnX.

Unjust Enrichment; Unfair Competition; Civil Conspiracy; and Fraud under 18 U.S.C. § 1030.  OnX alleges that Sciacchetano violated his obligations under his employment agreements by soliciting OnX employees, customers and suppliers on behalf of Sirius.  OnX further alleges that Defendants intercepted and directed emails from OnX to Sciacchetano's personal email account.

Five months after the federal action was initiated, OnX filed a Motion for Temporary Restraining Order and Preliminary Injunction, which was rendered moot when OnX filed its Amended Complaint.  Defendant Sciacchetano filed a Motion to Dismiss (ECF DKT #47) on July 6, 2012; and Defendants, Sciacchetano and Sirius, filed a Motion to Transfer Venue (ECF DKT #54) on August 2, 2012.  Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction (ECF DKT #45) was filed on June 19, 2012.  The Court addressed Defendants' Motions first; and recently issued its rulings.  In the Renewed Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff requests a Court Order prohibiting Defendants, Sciacchetano and Sirius, from:

(1) directly or indirectly soliciting, recruiting and/or hiring OnX's employees;

(2) directly or indirectly soliciting OnX's customers;

(3) continuing Sciacchetano's employment with Sirius in any capacity that is competitive with OnX;

(4) continuing to employ former OnX employees who were solicited, recruited and/or hired in violation of Sciacchetano's obligations to OnX for the one year restrictive covenant period commencing on the effective date of the TRO; and

(5) directly of indirectly soliciting Agilysys, Inc. to compete with OnX in violation of Agilysys, Inc.'s non-competition agreement with OnX.

OnX argues that Sciacchetano's actions are in breach of the restrictive covenants owed to

OnX, in the 2004 Non-Disclosure Policy and Agreement, the 2006 Employment Agreement, and the 2010 Employment Agreement.  The Separation Agreement will not be part of the Court's injunction analysis, since OnX admits:  "Nowhere in its First Amended Complaint did OnX allege Sciacchetano breached his Separation Agreement with Agilysys."  (Plaintiff's Memorandum in Support of its Motion to Dismiss Counterclaim filed 2/1/13; ECF DKT #80 at 4).

## II. LAW AND ANALYSIS

At the outset, the Court will address Plaintiff's Motion (ECF DKT #53) to Strike Defendants' Response to OnX's Renewed Injunction Motion, as untimely and unlawfully-filed.  Plaintiff's Renewed Motion was filed on June 19, 2012.  Since a request for injunctive relief is a non-dispositive motion, Local Rule 7.1(d) requires any opposition to be filed within fourteen days after service, plus three days when served by electronic means.  By that calculation, Defendants' opposition would have been due by July 6, 2012.  Defendants' Response (ECF DKT #51) was filed, without leave or explanation, on July 18, 2012.  The Court holds all parties to their obligations under the Local Rules and the Federal Civil Rules.  Therefore, Defendants' Response in Opposition to Plaintiff's Renewed Motion for TRO and Preliminary Injunction is stricken.  The Court will consider Plaintiff's Injunction Motion, solely based upon Plaintiff's submissions.

## Motion for Temporary Restraining Order and Preliminary Injunction

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction:

(1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction.  *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods*., 134 F.3d 749, 753 (6th Cir.1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir.1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir.2007).  While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985)), " a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000).

The moving party must establish its case by clear and convincing evidence.  *See Deck v. City of Toledo*, 29 F.Supp.2d 431, 433 (N.D.Ohio 1998), *citing Garlock, Inc. v. United Seal, Inc*., 404 F.2d 256, 257 (6th Cir.1968).

**Public interest**

The public interest is certainly served by upholding contracts, recognizing contractual obligations, and preventing unfair competition.

**Balance of harm if relief granted**

The various Agreements, attached to Plaintiff's Amended Complaint, and relied upon by OnX, protect OnX's legitimate interests; and Sciacchetano and Sirius (his new employer and OnX's competitor in the field of designing, implementing and supporting information technology systems) have no right to use OnX's confidential and proprietary information to gain an unfair economic advantage.  On the other hand, Sciacchetano's freedom to ply his

trade would indeed be limited by a restraining order; and discontinuing the employment of former OnX employees, allegedly solicited, recruited and/or hired in violation of Sciacchetano's obligations, would work an extreme hardship.

**Threat of irreparable harm**

The Court recognizes that, in employment disputes with non-competition/non-solicitation agreements, harm is not easily quantifiable and injunctive relief may be the only remedy. *Basicomputer Corp. v. Scott*, 973 F.2d 507. 512 (6th Cir.1992). Moreover, the 2004 Non-Disclosure Policy and Agreement, the 2006 Employment Agreement, and the 2010 Employment Agreement, each contain acknowledgments that breaches of non-solicitation, non-compete and confidentiality covenants would irreparably harm OnX and would entitle OnX to seek injunctive relief.

**Strong likelihood of success on the merits**

OnX requires employees to sign restrictive covenants to protect its legitimate business interests (including employee, supplier, sales/pricing and customer information), and to protect itself from unfair competition. OnX maintains that Sciacchetano has violated the terms of the restrictive covenants in the 2004 Non-Disclosure Policy and Agreement, the 2006 Employment Agreement, and the 2010 Employment Agreement.

**(1) 2004 Non-Disclosure Policy and Agreement (ECF DKT #44-8)**

On July 12, 2004, Sciacchetano signed the Non-Disclosure Policy and Agreement with Agilysys, Inc., by which the employee agrees not to disclose confidential and/or proprietary company information during his employment or at any time following termination for any reason. The document does not include a non-compete/non-solicitation clause, nor

does it provide that the employee is obligated to Agilysys' successors or assigns.  The Court

finds that this Agreement is irrelevant for two reasons.  The specific injunctive relief sought

in OnX's Renewed Motion does not include prohibiting disclosure of confidential and/or

proprietary information.  In addition, the Agreement is superseded by a subsequent contract

which the Court will discuss *infra*.

**(2) 2006 Employment Agreement (ECF DKT #44-6)**

On June 6, 2006, Sciacchetano and Agilysys, Inc.'s CEO executed the 2006

Employment Agreement.  The document includes non-solicitation, non-compete, and

confidentiality provisions.  However, the Agreement has a specified term, with a Start Date of

April 1, 2006 and an End Date of March 31, 2007.  The employer has the option of extending

the Non-Compete Obligation for an additional twelve months, if Agilysys continues to pay

regular base and target incentive compensation (if applicable).  (ECF DKT #44-6, ¶8).

Sciacchetano worked for Agilysys until August 1, 2011; and there is no evidence that the term

of the 2006 Agreement was extended, nor that the specified compensation was paid.

Furthermore, the Court finds that the 2006 Employment Agreement was also superseded.

**(3) 2010 Employment Agreement (ECF DKT #44-7)**

The 2010 Employment Agreement contains non-compete, non-solicitation, and

confidentiality provisions; and "shall inure to the benefit of, and be binding upon and

enforceable by Agilysys, and by its subsidiaries, successors and assigns."  (ECF DKT #44-7,

¶12(b)).   Tellingly, at ¶13, the Agreement recites: "This agreement constitutes our full

understanding relating to your employment with Agilysys, and replaces and supersedes any

and all agreements, contracts, representations or understandings with respect to your

employment (collectively, "Prior Agreements")."  Thus, the 2010 Employment Agreement represents the guiding contract for the current dispute between OnX and Defendants.  However, the copy of the 2010 Agreement, attached to OnX's Amended Complaint, and upon which OnX relies, has glaring deficiencies.  It lacks the signature of Agilysys' representative and it lacks the date of execution.  Moreover, its last page is a purported photocopy of Sciacchetano's signature, which is illegible to the Court.  Therefore, the Court must ask: Was the 2010 Employment Agreement signed by the parties to be bound and when?  Was there ever a contract formed which could be assigned from Agilysys, Inc. to OnX?

The Court finds that OnX has failed to meet its heavy burden of establishing entitlement to relief by clear and convincing evidence.  Specifically, OnX has not demonstrated the existence of a valid and effective employment agreement which OnX can claim Sciacchetano violated, or that Sirius would be obligated to honor.  Since OnX has not shown, to the Court's satisfaction, that it has a strong likelihood of success on the merits, its request for injunctive relief is without merit.

### III. CONCLUSION

For these reasons, Plaintiff's Renewed Motion (ECF DKT #45) for Temporary Restraining Order and Preliminary Injunction is DENIED.

**IT IS SO ORDERED.**

**DATE:3/7/2013__**

**S/Christopher A. Boyko_____**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

-8-