UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OnX USA LLC, etc., | ) | CASE NO. 1:11CV2523 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| LOUIS SCIACCHETANO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #80) of Plaintiff, OnX USA LLC ("OnX"), to Dismiss Sciacchetano's Counterclaim. For the following reasons, the Motion is granted.

**I. BACKGROUND**

Defendant, Louis Sciacchetano, is, and has been at all relevant times, a citizen and resident of the State of New Jersey. OnX is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Mayfield Heights, Ohio. OnX was formerly known as Agilysys Technology Solutions Group, LLC ("TSG"), and was a subsidiary of Agilysys, Inc. On August 1, 2011, OnX officially

changed its name from TSG to OnX USA, LLC, and is the successor of the TSG business unit of Agilysys.  Defendant Sirius Computer Solutions, Inc. ("Sirius") is a Texas corporation, with its principal place of business in San Antonio, Texas.  Sirius maintains an office in Ohio, and regularly transacts business in Ohio.

Sciacchetano was hired by TSG in 2004 as a Vice President of Sales.  Sciacchetano was presented with a Non-Disclosure Policy and Agreement in 2004, which he signed.  He also signed an Employment Agreement with Agilysys in 2006.  Agilysys offered another Employment Agreement to Sciacchetano in September of 2010.  He attempted to negotiate the terms of the 2010 Agreement; and the parties dispute if, or when, the 2010 Agreement was signed.  On July 29, 2011, Sciacchetano was notified that his Agilysys employment would be terminated, effective August 1, 2011.  Sciacchetano alleges that he was unwilling to agree to any post-employment non-solicitation covenants; so, he signed a Separation Agreement only after crossing out the covenant designated as Section 15.  Sciacchetano accepted employment with Sirius on or about August 23, 2011.

OnX filed suit against Sciacchetano and Sirius in Cuyahoga County Common Pleas Court.  Defendants removed the action on November 21, 2011.  OnX filed its First Amended Complaint, with leave of Court, on June 15, 2012, alleging Breach of Contract; Tortious Interference with Contracts; Misappropriation/Conversion of Trade Secrets; Accounting; Unjust Enrichment; Unfair Competition; Civil Conspiracy; and Fraud under 18 U.S.C. § 1030.  OnX alleges that Sciacchetano violated his obligations under his employment agreements by soliciting OnX employees, customers and suppliers on behalf of Sirius.  OnX further alleges that Defendants intercepted and directed emails from OnX to Sciacchetano's

personal email account. OnX's claims against Sciacchetano are based upon his Employment Agreements and his Non-Disclosure Policy and Agreement. OnX has not alleged that Sciacchetano breached his Separation Agreement with Agilysys. (ECF DKT #80, p.4).

On January 9, 2013, Sciacchetano filed his Answer to the Amended Complaint and his Counterclaim against OnX. (ECF DKT #77). Sciacchetano's Counterclaim is composed of one Claim for Relief, sounding in Fraud. The Counterclaim recites in part as follows:

> To the extent the Separation Agreement is an enforceable contract and was properly assigned or transferred to Counter-Defendant [OnX] as a matter of law (which Counter-Plaintiff [Sciacchetano] denies), whether partially or in total, Counter-Defendant engaged in fraud.
>
> Counter-Defendant disavowed the existence of any employment agreement and stated that, to the extent Counter-Plaintiff wanted to receive any severance pay, he was required to sign the Separation Agreement.
>
> Counter-Plaintiff's entitlement to severance and post employment covenants were material issues as to whether he signed the Separation Agreement.
>
> Counter-Defendant's representations regarding the agreements were false or made recklessly.
>
> Counter-Defendant intended that Counter-Plaintiff rely on its representations regarding the agreements as a means to induce him to fraudulently enter into the Separation Agreement.
>
> Counter-Plaintiff justifiably relied on Counter-Defendant's representations regarding the agreements.
>
> As a result of Counter-Defendant's fraudulent conduct, Counter-Plaintiff has been injured and has incurred, and continues to incur, damages.

OnX moves for dismissal of Sciacchetano's Counterclaim because it does not meet the pleading requirements for a fraud claim under Fed.R.Civ.P. 9(b) and Fed.R.Civ.P. 12(b)(6); because it states a claim against Agilysys, Inc., and not against OnX; and because it is a conditional claim, and the underlying condition does not exist.

-3-

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*,

No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

**Civil Rule 9(b)**

OnX seeks dismissal of Sciacchetano's Counterclaim on the basis that those allegations sounding in fraud do not satisfy the requirements of Civil Rule 9(b), namely, that "the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.P. 9(b); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir.2003). The Sixth Circuit reads this rule liberally; but requires, at the very least, that a plaintiff "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D.Mich.1992) (citing *Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir.1988)). The Sixth Circuit elaborates further in *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir.2008), as follows:

> Accordingly, Plaintiffs' complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D.Ohio 1998). At a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they relied. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984).

"The threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir.1993) (quoting *Brewer v. Monsanto Corp.*, 644 F.Supp. 1267,1273 (M.D.Tenn.1986)).

**Sciacchetano's Counterclaim**

Upon consideration of the Counterclaim, and accepting any factual allegations as true, the Court finds that Sciacchetano's Counterclaim (ECF DKT #77) is deficient, in that it fails to state a plausible claim for fraud.

Sciacchetano alleges OnX engaged in fraud with regard to the Separation Agreement. Other than some time near late July or early August of 2011, when he was informed of his separation from employment with Agilysys, Sciacchetano fails to identify when the fraud occurred. He does not specify when Counter-Defendant OnX "disavowed the existence of any employment agreement," or said that "to receive any severance pay, he was required to sign the Separation Agreement." (ECF DKT #77, ¶124). In what way were these representations or statements, about other employment agreements and severance pay, false or recklessly made? *Id*. at ¶126. No individual making the representations is identified. Was it an employee or officer of OnX or of Agilysys? Was the speaker authorized to make the statements? Aside from generalized injury allegedly resulting from Counter-Defendant's fraudulent conduct (*Id*. at ¶129), how was Sciacchetano injured by relying upon Counter-Defendant's representations and by entering into the Separation Agreement?

Therefore, where Sciacchetano's Counterclaim fails to identify specific statements that are allegedly fraudulent; fails to identify the specific speaker(s); fails to describe how the representations are attributable to OnX; fails to detail when and where the alleged statements were made, and fails to set forth how executing the Separation Agreement proximately caused him injury, the Counterclaim fails to meet the pleading standards for fraud under Rule 9(b) and fails to state a fraud claim against OnX that is plausible on its face.

### III. CONCLUSION

For the foregoing reasons, the Motion (ECF DKT #80) of Plaintiff, OnX USA LLC ("OnX"), to Dismiss Defendant Louis Sciacchetano's Counterclaim is granted. Because the Court finds that the application of Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 9(b) justifies granting OnX's Motion to Dismiss, the Court believes it is unnecessary to consider OnX's other reasons for dismissal. In conclusion, the Counterclaim (ECF DKT #77) of Defendant, Louis Sciacchetano, is dismissed without prejudice.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: April 5, 2013**