

# BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
Attorneys & Counselors at Law
*Experience. Service. Excellence.*℠

1375 E. 9th Street Suite 1700 Cleveland, Ohio 44114-9714
216-621-5300 Toll-Free 888-843-2825 www.bdblaw.com

Akron
Boca Raton
Canton
Cleveland

Gregory P. Amend
Direct Dial: (216) 615-7324
Direct Fax: (216) 615-3024
GAmend@bdblaw.com

## VIA FACSIMILE (216) 357-7156

Honorable Christopher A. Boyko
Judge, United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 15B
Cleveland, Ohio 44113

Re: *OnX USA LLC v. Sciacchetano*
Case No. 11-cv-02523-CAB

Dear Judge Boyko,

As a follow up to my telephone call to your chambers earlier this afternoon, Plaintiff OnX USA, LLC ("*OnX*") respectfully requests the Court's immediate assistance in resolving a discovery dispute that is time sensitive in light of certain representations that have been made by counsel to Defendants Sirius Computer Solutions and Louis Sciacchetano (collectively, the "*Defendants*"). Specifically, OnX respectfully requests that this Court enter an order requiring that Defendants' immediately comply with their obligations under FRCP 26(b)(5)(b) concerning certain documents that were produced by third party Agilysys, Inc. ("*Agilysys*").

For the benefit of the Court, enclosed as Exhibit A is an e-mail chain that was exchanged between the Plaintiff's and Defendants' counsel this afternoon. Copies of the various e-mails referenced within Exhibit A are also enclosed herein as Exhibits A(1) and A(2), respectively. As set forth therein, OnX asserts that the specific document referenced throughout Exhibit A (an August 25, 2011 e-mail) is privileged and; therefore, that document is not enclosed. With that being said, to the extent that the Court would like to review that document, OnX will present it to the Court upon request and under seal.

In summary, OnX previously issued a subpoena to third party Agilysys in connection with the above referenced proceeding. Two years ago, in August 2011, OnX entered into a 100% stock sale with Agilysys and, for a short period of time following that acquisition, OnX representatives – including its General Counsel and other representatives of its legal department – utilized Agilysys' e-mail server. As such, OnX was fully aware that certain documents contained within Agilysys' document production would constitute privileged communications under the attorney-client privilege, the work-product doctrine and/or other applicable privileges and immunities.

Agilysys produced its response to the subpoena in late July, which was comprised of over 500,000 documents (over 100 MB). In a July 26, 2013 e-mail from OnX's counsel (Exh. 1(A)), Defendants' counsel was advised that the document production presented a "problem" because it contained privileged information/documents. Accordingly, Defendants' counsel was presented with two "options:" (1) OnX would electronically search for privileged documents and produce all non-privileged documents along with a privilege log; or (2) "[g]iven our professional relationship and subject to an express acknowledgment by Defendants (pursuant to FRCP 26(b)(5)(B) and FRE 502) that OnX is not waiving any privilege, OnX would produce everything provided by Agilysys – subject to OnX's right to retroactively designate any privileged documents."

On August 20, 2013, after determining that the internal privilege review could not be completed within a mutually acceptable timeframe, Defendants' counsel elected to proceed with "Option 2." Accordingly, the entire Agilysys document production was produced to Defendants with a full reservation of OnX's rights under FRCP 26(b)(5)(B) and subject to a clawback provision. *See* Exh. 1(B). Additionally, OnX provided Defendants' counsel with a list of attorneys that could be referenced within the Agilysys production in order to allow Defendants' counsel to determine which documents would be subject to privilege. *Id.*

Earlier today, the undersigned received an e-mail from Defendants' counsel, which attached a specific document that was sent from OnX's General Counsel (Mr. Rick Rudolph) to various OnX employees, officers and representatives. Notably, the subject line of that e-mail expressly reads "Confidential – Attorney Client Privledge [*sic*]." Additionally, contrary to the prior agreement between counsel, the e-mail from Defendants' counsel stated that "none of the documents provided to OnX in response to a subpoena issued to Agilysys, Inc. are covered by attorney client privilege..." and that "we intend to use any documents from the Agilysys production we deem relevant throughout the course of the litigation."

In response to the e-mail, the undersigned sent an e-mail advising that OnX was exercising its rights under FRCP 26(b)(5)(B), FED 502 and the agreement that had been reached amongst counsel, to designate any and all information and/or documents within the Agilysys production, which was sent from and/or received by OnX's attorneys, as privileged. Additionally, in accordance with FRCP 26(b)(5)(B), OnX requested that: (i) Defendants' counsel immediately "return, sequester or destroy" all such information and documents (including copies); and (ii) acknowledge that Defendants are prohibited from using and/or disclosing said documents until this claim was resolved.

Unfortunately, Defendants counsel has refused to comply with this request and subsequent phone calls to the office of Defendants counsel have gone unanswered.

For these reasons, OnX respectfully requests that this Court enter an order stating that OnX has claimed privilege with respect to any and all information and/or documents contained within the Agilysys production that were sent from and/or received by the various attorneys referenced in the August 20, 2013 e-mail (Exh. 1(B)) and that Defendants are required to comply with Fed.Civ.R. 26(b)(5)(B) with respect to all such information and documents. Specifically, the attorneys identified in that e-mail were: Kathleen Weigand, Richard Rudolph, Linda Erkkila, Lyle Ganske, Christopher Hewitt, Joseph Mieskowski, Scott Korpowski, Clifford DeCamp, Julia Kipnis, Lieb (or Julia Lieb) and Brian Westendorf. *See* Exh. 1(B).

To the extent that the Court would like to schedule a teleconference to discuss this issue, the undersigned stands ready to participate in any such call.

Respectfully,

*Gregory P Amend*

Gregory P. Amend

Enclosures

Cc: Barry Freeman, Esq. (via e-mail)
Donna K. McElroy (via e-mail)
Elisa Reinsmith (via e-mail)

«CL2:408983_1»